Gardner agt. Teller.

J. A. COLLIER, *defendants' counsel.*
J. L. BROWN, *defendants' attorney.*
N. HILL, JR., *plaintiffs' counsel.*
VERPLANK & MARTINDALE, *plaintiffs' attorneys.*

BRONSON, Chief Justice.   It appears that the fourth count was inserted in good faith, and in the belief that it was essential to the plaintiffs' rights ; and *it is not certainly clear but that* the count may be necessary for the purpose of avoiding any question about the town in which the *locus in quo* is situate.   The addition of that count can not put the defendants to much trouble or expense.   *Motions denied.*

------------◄•••►------------

## ISAAC GARDNER agt. DANIEL W. TELLER.

Serving a declaration in this count, with notice to plead in *ten* days instead of twenty, is an irregularity.   (*See* 2 *Howard,* 97.)   But if the defendant's attorney serve a *notice of retainer generally*, it is an appearance which waives the irregularity (no bail being required).   (*Rule* 26.)

An appearance is a waiver of irregularities in the process to bring the party into court.   (7 *Cow.* 366 ; 7 *John.* 207.)

A declaration and notice are in the nature of process.

*September Term,* 1846.   .

MOTION by defendant to set aside declaration and notice, for irregularity.

The defendant's affidavit showed, that on the 24th of June, 1846, he was served with a copy declaration purporting to be filed in this cause, in this court, with a notice thereon endorsed as follows : " Take notice that you are required to plead to the declaration, filed pursuant to the statute, in this cause, of which the within is a copy, in ten (10) days after service of a copy of the said declaration and of this notice, or that your default will be entered, dated, &c."   It appeared, from defendant's papers, that on the 21st of July last, plaintiff's attorney served a notice to plead in *twenty*

[*242]   days, on defendant's attorneys, which they refused *to

Gardner agt. Teller.

receive, and returned it to plaintiff's attorney, on the ground that notice of this motion had been given, and there was no offer by plaintiff's attorney to pay costs.

It appeared, from the affidavit of plaintiff's attorney, that the day after service of a copy declaration and notice on de: fendant, to wit: on the 25th of June last, a notice of retainer, in behalf of the defendant, signed by defendant's attorneys, was served on plaintiff's attorney. The attorney for plaintiff was absent from home when the notice of retainer was served, and also when the first notice of motion was served by defendant's attorneys. He returned on the 15th of July last, and found that the defendant's notice of motion was for the first Tuesday of August last. On the 17th of July, plaintiff's attorney made propositions, verbally, to defendant's attorneys, to correct the mistake in the notice to plead, endorsed on the declaration, which were not assented to by defendant's attorneys; and on the 21st of July, plaintiff's attorney served a written notice to plead in *twenty* days (as above mentioned) on defendant's attorneys; and two days afterwards he received from defendant's attorneys an amended notice of motion for this September special term. No default had been entered in the cause. Defendant's counsel *cited* 2 *Howard*, 97, *and Statute*, 1840.

L. BENEDICT, JR., *defendant's counsel.*
NOBLE & L'AMOUREUX, *defendant's attorneys.*
G. R. J. BOWDOIN, *plaintiff's counsel.*
S. CLIFT, *plaintiff's attorney.*

BRONSON, Chief Justice. Serving a declaration with notice to plead in *ten* days, instead of twenty days, was irregular. But the defendant's attorney served a notice of retainer generally, which is an appearance where no bail is required. (*Rule* 26.) And an appearance is a waiver of irregularities in the process to bring the party into court. (7 *Cow.* 366; 7 *John.* 207). The declaration and notice are in the nature of process Motion denied, with $7 costs.