## LEESE vs. SCHERMERHORN.

Every *agreement* between parties to a suit, or their attorneys, must be in *writing*, in order to be binding.

Where Plaintiff's attorney entered judgment on a report of referee, without serving a copy of the report on Defendant's attorney, and *after* service of motion papers by Defendant to set aside the judgment for irregularity, Plaintiff's attorney showed that Defendant's attorney accepted a copy of the report, and a stipulation giving him twenty days to make a case, and *verbally* agreed that the motion should not be made; *held*, that the agreement should have been put in writing, if he desired to avail himself of it.

This cause having been referred to a sole referee, he, on the 26th of July last, reported in favor of the Plaintiff, without serving a copy of the report; the Plaintiff's attorney on the 2d day of August perfected a judgment upon the report. The Defendant moved to set aside the judgment for irregularity.

The plaintiff resisted the motion, by showing that after the service of the papers for this motion, the Defendant's attorney accepted a copy of the report, and a stipulation giving him twenty days to make case, and *verbally* agreed that this motion should not be made.

D. WRIGHT, *for Deft.*

P. POTTER, *Plff.*

HARRIS, Justice.—In perfecting judgment upon the report of the referee, without serving a copy of the report upon the Defendant's attorney, the plaintiff is conceded to have been irregular, but he claims that the irregularity is cured by the waiver of the Defendant's attorney, notwithstanding the rule which requires every agreement between parties to a suit, or their attorneys, to be in writing, in order to make it binding; a party should not be allowed to avail himself of this objection, where the other party had been led to do or omit anything in the cause, in consequence of a parol agreement.

Thus, if in this case, the Defendant's attorney had, after the report was made, agreed to waive the service of a copy of the report, and consented that judgment might be perfected without waiting the time required by the practice of the court ; and in consequence of such parol waiver, the Plaintiff had proceeded to perfect judgment, he would not be permitted now to set aside the proceedings, on the ground that his agreement was not in writing. But in this case the Plaintiff does not pretend that he has been misled by the parol agreement, upon which he relies ; indeed he could not have been, for the agreement is alleged to have been made since the notice of this motion was served ; and it seems by his appearing to oppose this motion, that the Plaintiff himself did not rely upon it. I see nothing to prevent the application of the rule, which requires every agreement in respect to the proceedings in a cause, to be in writing, in order to be binding. The motion must therefore be granted with costs.