## COPPERNOLL vs. KETCHAM.

Notwithstanding the internal revenue act of congress required all stamps to instruments theretofore issued, to be affixed by the collector of internal revenue, it did not deprive the state courts of the power vested in them by virtue of section 327 of the Code, which provides that "when a party shall give, in good faith, notice of appeal from a judgment or order, and shall omit, through mistake, to do any other act necessary to perfect the appeal, or to stay the proceedings, the court may permit an amendment, on such terms as may be just." MULLIN, J., dissented.

Although the section of the act of congress which allowed parties desiring to use in court instruments which had not been properly stamped, to affix such stamp in the presence of the court, and thereupon to use such instruments in evidence, was amended so as to require such stamps to be affixed by the collector of internal revenue, yet it was not intended to include such instruments as were in the nature of process of courts of record.

Nor could it have been intended to take from the state courts the power to control and amend their process as they should deem proper, provided the revenue contemplated by the internal revenue act was secured to the general government. But the amendment was intended to apply to such instruments as were the acts of individuals or corporations, only.

After the respondent has appeared, generally, on an appeal to the county court, and has noticed the cause for trial, and moved the trial of it, it is too late for him to object that the appeal has not been regularly effected, for the want of a revenue stamp upon the notice of appeal.

Congress has no power to prohibit state courts from taking jurisdiction of an action, for the want of a revenue stamp.

THE plaintiff sued the defendant in a justice's court, and recovered a judgment, from which the defendant appealed to the county court of Cayuga county, but there was no revenue stamp attached to the notice of appeal, as was required by the internal revenue act of congress, then in force. The justice made his return to the county court, and the plaintiff, who was respondent, appeared generally, and noticed the cause for trial; and at the court for which it was noticed, he moved the trial of the issue. On the trial, he also moved to dismiss the appeal, for want of the revenue stamp.

The defendant offered to show, by affidavit, that the omission to stamp the notice of appeal was the result of inadvertence and misconstruction ; that the notice of ap-

peal was so served in good faith, and offered then and there to affix the required stamp. The court held that as the revenue act then was, it had no power to authorize the stamp to be affixed as proposed. To which ruling the defendant excepted. And the court thereupon dismissed the appeal. From which decision the defendant appealed to this court.

*Wm. Porter,* for the appellant.

*R. Earl,* for the respondent.

*By the Court,* FOSTER, J. Without discussing the validity of the internal revenue acts, declaring that writs, &c., by which any action shall be commenced, or appeal taken from inferior courts, unless stamped as required by these acts, are void, I think there are two grounds upon which the decision of the court below should be reversed.

1st. Notwithstanding the internal revenue act in terms required all stamps to instruments theretofore issued to be affixed by the collector of internal revenue, it did not deprive the state courts of the power vested in them by virtue of the 327th section of the Code, which provides "that when a party shall give, in good faith, notice of appeal from a judgment or order, and shall omit, through mistake, to do any other act necessary to perfect the appeal, or to stay the proceedings, the court may permit an amendment, on such terms as may be just." It is true, that prior to the notice of appeal in question, the section of the act of congress which had allowed parties, desiring to use in court instruments which had not been properly stamped, to affix such stamp in the presence of the court, and thereupon to use such instruments in evidence, had been amended so as to require such stamps to be affixed by the collector of internal revenue, yet I think it was not intended to include such instruments as were in the nature of writs or process of courts of record; nor could it have

Coppernoll *v.* Ketcham.

been intended to take from the state courts the power to control and amend their process as they should deem proper, provided the revenue contemplated by the internal revenue act was secured to the general government, but that the amendment was intended to apply to such instruments as were the acts of individuals or corporations, only. (*Whitley* v. *Leeds*, 27 *How. Pr.* 378.)

2d. After the respondent had appeared generally on the appeal, by his attorney, and had noticed the cause for trial, and had moved the trial of it, it was too late to object that the appeal had not been regularly effected. When a capias was made returnable or served on Sunday, the putting in of special bail, without knowledge of it, was a waiver of the defect, (*Wright* v. *Jeffrey*, 5 *Cowen*, 15;) and yet, in that case, the process was void.

Where a defendant appears, though the process be void, and he is ignorant of this fact at the time of appearance, yet the court will not afterwards set that, or the subsequent proceedings, aside. (*Pixly* v. *Winchell*, 7 *Cowen*, 366.) See also *Seymour* v. *Judd*, (2 *N. Y. Rep.* 464,) where the court held that though an appeal from a justice's judgment was so taken as to be a nullity, yet that a general appearance would cure the defect. (*See also Baxter* v. *Arnold*, 9 *How. Pr.* 445; *Francis* v. *Sitts*, 2 *Hill*, 362; 2 *How. Pr.* 241; 3 *id.* 27; 11 *id.* 129; 7 *id.* 120; *Baird* v. *Pridmore*, 31 *id.* 359.)

I am also of the opinion, for the reasons given in *Whitney* v. *Sawyer*, that congress had no power to prohibit state courts from taking jurisdiction, for the want of a stamp.

The order of the county court dismissing the appeal should be reversed.

MULLIN, J., dissented.

Order reversed.

[ONONDAGA GENERAL TERM, April 2, 1867. *Morgan, Bacon, Foster* and *Mullin,* Justices.]