# Cases

In the Matter of the Probate of the Last Will and Testament of BENJAMIN A. KAVANAUGH, Deceased.

*Section 7, chapter 201 of 1866, refers to chapter 319 of 1848, embodied in the "fifth edition" of the Revised Statutes.*

The reference in section 7, chapter 201 of the Laws of 1866, to title 7 of part 1 of chapter 18 of the Revised Statutes, in relation to devises or bequests by will, refers to chapter 319 of the Laws of 1848, and the acts amending it, which, in the compilation of the statutes, made in the year 1859, were added to the original Revised Statutes of 1830, as title 7 of chapter 18 of part 1, no such title existing in the statutes as revised, and it being evident that the reference was made to what is known as the fifth edition of the Revised Statutes.

Appeal by the Sisters of the Poor of St. Francis, legatees named in the will of Benjamin A. Kavanaugh, deceased, from that portion of the decree of the surrogate of the county of New York, entered in his office on the 13th day of July, 1888, which declared the sixteenth clause of the will of said decedent to be void.

*George Bliss*, for the appellant.

*George W. Carr* and *Daniel P. Hayes*, for the respondents.

Daniels, J.:

The testator made and executed his will on the 18th of August, 1887, and died on the twenty-ninth of the following month. He

---

* Continued from Volume LII.

left him surviving his mother, Margaret Kavanaugh, of Liscarroll, Cork, Ireland. By the fifteenth paragraph of his will, after directing the payment of various legacies to his relatives, including his mother, and to other parties, he gave, devised and bequeathed two-thirds of all the rest, residue and remainder of his property to the Little Sisters of the Poor in the city of New York, directing them to divide it equally between the houses in Seventieth and One hundred and Sixth streets in said city. These sisters were incorporated under and by virtue of chapter 201 of the Laws of 1866. By section 7 of this act the corporation was made subject to the provisions of title 7, part 1, chapter 18 of the Revised Statutes, in relation to devises or bequests by will. But as the Revised Statutes were enacted by the legislature they contained no title 7, chapter 18, part 1. Chapter 18 of part 1, as it was enacted, includes no more than four titles. But, after the enactment of the Revised Statutes, compilations were made of the statutes and published as the Revised Statutes of the State. The second and third of these were under the sanction of the revisers themselves, and published with the additions and changes made in the general laws by the legislature, in January, 1836 and 1846. After that, compilations of the general statutes, including so much of the Revised Statutes as remained unchanged, were also published as the Revised Statutes of the State. As these additions have, in this manner, been published they have been mentioned, cited and referred to as the Revised Statutes of the State. In these compilations additional titles have been made of general laws enacted by the legislature of the State, and, in this manner, chapter 319 of the Laws of 1848, and the acts amending it, providing for the incorporation of benevolent, charitable, scientific and missionary societies, were added as title 7 of chapter 18 of part 1 of the Revised Statutes.

In this manner this act, with its amendments, was incorporated in the compilation of 1859, which preceded the enactment of the statute incorporating the appellant. From the language employed in section 7 of the act incorporating the appellant, the intention of the legislature is clearly evinced to refer to the preceding law relating to devises or bequests by will. This act of 1848, with its amendments, was such a law; and as it was contained at the time of the enactment of chapter 201 of the Laws of 1866, in the compilation pub-

lished as the fifth edition of the Revised Statutes of the State, and was denominated title 7 of chapter 18 of the first part of those statutes, it is to be presumed that this was the act in this manner referred to, and to which the appellants were intended to be brought into subjection. This statute, in this manner incorporated and published in this compilation called the Revised Statutes, has by its sixth section declared that, "no person leaving a wife or child or parent shall devise or bequeath to such institution or corporation more than one-fourth of his or her estate after the payment of his or her debts, and such devise and bequest shall be valid to the extent of such one-fourth ; and no such devise or bequest shall be valid in any will which shall not have been made and executed at least two months before the death of the testator." There was no other provision of the law so far answering the description contained in section 7 of chapter 201 of the Laws of 1866 as to be brought within the language or reference contained in this section of the act. And as the compilation then existing and used was called and referred to as the Revised Statutes, and the law of 1848, with its amendments, was contained therein, as title 7 of chapter 18, part 1, the inference is irresistible that this section 6 is what the legislature intended the appellant should be subjected to by the reference contained in section 7 of the act of 1866. And that rendered this bequest, contained in the fifteenth paragraph of the testator's will, invalid, as the will was executed less than two months before the time of his decease. The surrogate was right in the construction of the law adopted by him, and which resulted in the decree excluding this fifteenth paragraph from the will, and holding it to be inoperative and unlawful.

The decree should be affirmed, but, under the circumstances, it should be without costs.

VAN BRUNT, P. J., and BRADY, J., concurred.

Decree affirmed, without costs.