## O'REILLY v. BLOCK et al.

### (Ulster County Court. May, 1893.)

1. APPEAL FROM JUSTICE COURT—AMENDMENT OF NOTICE.
    A notice of appeal from a justice of the peace to the county court, demanding a new trial in the county court, when appellant is not entitled thereto, may be amended by striking out such demand, where it is shown by the uncontradicted affidavit of appellant's attorney that he prepared the original notice of appeal, and erased the demand for a new trial, but that his clerk, who prepared the copy of the notice served on respondent, failed to make the erasure, and that the demand had been erased from the notice served on the trial justice.
2. SAME—JUDGMENT NOT ENTERED ON DOCKET.
    Where a justice of the peace indorses on his minutes of the trial a memorandum rendering judgment in a specified sum, and stating the amount of damages and costs separately, the judgment is not invalidated by failure of the justice to enter it on his docket, and an appeal may be taken therefrom, though Code Civil Proc. § 3046, provides that an appeal must be taken within 20 days after entry of the judgment on the justice's docket.

Appeal from justice court.

Action by Cecelia B. O'Reilly against Joseph Block, Louis Drautz, and Peter Zech. From a judgment in favor of plaintiff, defendants appeal.

Plaintiff now moves to substitute Barbara Drautz as administratrix of the goods, chattels, and credits of Louis Drautz, deceased, as defendant and appellant in his place and stead, and to dismiss the appeal to this court. Motion to substitute defendant granted. Motion to dismiss appeal denied.

Defendants move for leave—First, to correct the notice of appeal served upon the respondent by striking out the words, "The appellants demand a new trial in the appellate court;" second, for an order directing the city clerk, or some suitable person, to enter in the docket of the late Simon S. Westbrook, justice of the peace, the judgment rendered by him in favor of the respondent, and against the appellants; third, for leave to treat the appeal heretofore taken as nugatory, and to allow the appellants 20 days in which to serve a notice of appeal after the docketing of the judgment on the justice's docket under the direction of this court. Motion granted as to first portion, and denied as to second and third.

G. B. D. Hasbrouck, for appellants.

J. G. Westbrook and John D. Eckert, for respondent.

CLEARWATER, J.   This action was originally brought before Simon S. Westbrook, then one of the justices of the peace of the city of Kingston, who is now dead. It appears from his original minutes that the cause was tried before him, without a jury, on the 30th day of October, 1891, and that at the close of the testimony he made the following entry in his minutes:

"Testimony closed, after which the justice took four days to deliberate on the subject-matter of his verdict. After due deliberation, and on the second day of November, 1891, found that the defendants were not liable for the lamp mentioned in the complaint, but found that the plaintiff was entitled to recover for the use of the picnic grounds July 27, 1891, and therefore found for the plaintiff in the sum of $35, whereupon I immediately rendered judgment in favor of plaintiff against the defendants for damages $35
C.    4.85
_____
$39.85"

No entry of the judgment was ever made by the justice in his docket. The defendants served a notice of appeal to this court. After its service the defendant Drautz died, and Barbara Drautz, his widow, was appointed his administratrix. The respondent, upon an affidavit stating that the notice of appeal served upon her contained the words, "The appellants demand a new trial in the appellate court," 10 months after its service, moved to dismiss the appeal upon the ground that as the sum for which judgment was demanded by either party in the pleadings was less than $50, and the appellants had demanded a new trial in the appellate court, their appeal was unauthorized, and should be dismissed. They also asked that the administratrix of Drautz be substituted as defendant appellant in his place and stead. Prior to this motion both the respondent and appellants, proceeding upon the assumption that the appeal was regularly pending as an issue of law, noticed it for hearing as such for the May, 1892, term of this court. On the hearing of the motion to dismiss, the appellants' attorney filed an affidavit in which he swears that he prepared the original notice of appeal, erasing the words, "The appellants demand a new trial in the appellate court," and handed it to his clerk to make copies; that she made them, but omitted to strike out from the

copies served upon the respondent those words; that on the 18th day of November, 1891, he paid to the justice the costs included in the judgment, together with the return fee of two dollars, and at the same time personally served upon him a notice of appeal to the county court, with the undertaking necessary to stay proceedings pending the appeal, and that in the notice thus served the words, "The appellants demand a new trial in the appellate court," were erased. This affidavit is not contradicted. The appellants thereupon asked—First, to correct the notice of appeal served upon the respondents by erasing the words, "The appellants demand a new trial in the appellate court;" second, for an order directing the city clerk, the legal custodian of the deceased justice's docket and papers, to file the original minutes of the trial, together with the process and pleadings in the action, with the clerk of this court, for its inspection. The court directed the city clerk to file the original minutes, process, and pleadings with its clerk, and denied the respondent's motion to dismiss the appeal without prejudice to her right to renew the same after the filing of the original papers. They having been filed, the respondent again moved to dismiss, and the appellants asked—First, that the motion be denied; second, that they be permitted to correct the notice served upon the respondent, as hereinbefore stated; third, that the court direct the city clerk, or some other suitable person, to enter in the docket of the late justice the judgment rendered by him, upon the ground that no judgment now legally exists; fourth, to treat the appeal already taken as nugatory, and to allow the appellants 20 days in which to serve a notice of appeal after the docketing of the judgment under the direction of this court.

It has been repeatedly held that where a justice of the peace indorses upon his minutes of the trial a memorandum rendering judgment in a specified sum, and stating the amount of damages and costs separately, his neglect to perform the duty enjoined upon him by the statute, of entering it in his docket, will not invalidate the judgment. Colvin v. Corwin, 15 Wend. 557; Walrod v. Shuler, 2 N. Y. 134; Fish v. Emerson, 44 N. Y. 376. Therefore the judgment rendered by Mr. Justice Westbrook is a valid and subsisting one against the appellants, and if they have mistakenly taken an appeal unauthorized by law, and the time to perfect another has expired, they are without redress.

It is insisted by the respondent under the authority of Thorn v. Roods, 47 Hun, 434, that as the notice of appeal served upon her demanded a new trial in the appellate court, and as the appellants were not entitled to such a trial, and as more than 20 days have elapsed since the rendering of the judgment, she is entitled to a dismissal of the appeal now pending, and to enforce her judgment by execution. In Thorn v. Roods no issue was joined in the court below, and all the notices of appeal served contained the words, "The appellants demand a new trial in the appellate court." In the case at bar it is not disputed that in the notice of appeal served upon the justice those words were erased. The city clerk certifies

that he is unable to find the notice among the papers of the late justice. It is admitted that the attorney of the respondent is the son and administrator of Mr. Justice Westbrook, and it is claimed by the appellants that presumptively all papers belonging to the justice, and not in the possession of the city clerk, are in the possession of the respondent's attorney, as the administrator of his father, and that as the notice of appeal served upon the justice is not produced, and its disappearance is not accounted for, the court is at liberty to infer that it was drawn as testified by the appellants' attorney. In the case of McCarthy v. Crowley, (decided by the general term of the second department,) 5 N. Y. Supp. 675, it was held that where the appellant, by mistake, asks for a new trial when not entitled to it, the county court can allow an amendment to the notice under the provisions of section 3049 of the Code of Civil Procedure, which provides that that court may, in its discretion, permit an omission to be supplied, or an amendment to be made, to the notice of appeal. This decision is in direct conflict with Thorn v. Roods, 47 Hun, 433. While the rule as held by the general term of this department is more strict than that obtaining in the second department, I should feel bound, as a matter of judicial courtesy, to follow the holding of my own department, if the facts in the cause at bar and in Thorn v. Roods were precisely similar; but as in this case it is not disputed that in the original notice served upon the justice the words, "The appellants demand a new trial in the appellate court," were erased, the cases are distinguishable, and in the furtherance of justice the more liberal rule should prevail,—the more so as the respondent originally elected to treat the appeal as an issue of law, by noticing it for argument as such four months before moving to dismiss it. This court, however, has no power to grant the multifarious relief asked by the appellants, nor, had it the authority, is there any occasion for its exercise. Section 3056 of the Code of Civil Procedure affords all the relief necessary to bring the record of the court below into this court for final review:

"If the justice dies, becomes a lunatic, absconds, removes from the state, or otherwise becomes unable to make the return, the appellate court may receive affidavits or examine witnesses as to the evidence or other proceedings taken and the judgment rendered before the justice, and may determine the appeal as if the return had been duly made by the justice." Code Civil Proc. § 3056.

The other questions involved can be considered upon the hearing of the pending appeal. The contention that the appeal is nugatory because taken before the docketing of the judgment I regard as untenable. While it is true that by section 3046 of the Code of Civil Procedure an appeal must be taken within 20 days after the entry of the judgment in the justice's docket, it may be taken as soon as the successful litigant is in a position to enforce it; and as under the decisions of Colvin v. Corwin, 15 Wend. 557, Walrod v. Shuler, 2 N. Y. 134, and Fish v. Emerson, 44 N. Y. 376, heretofore cited, it is held that the neglect of the justice to perform the duties enjoined upon him by statute, of entering the

judgment in his docket, will not invalidate, it is evident that a party against whom a judgment has been rendered may appeal, as did these appellants, before the judgment is docketed, and the appeal, if properly taken, will be upheld.

An order may be entered—First, denying the respondent's motion to dismiss the appeal; second, denying the appellants' motion to direct the city clerk to docket the judgment; third, denying the appellants' motion to treat as nugatory the appeal already brought; fourth, substituting Barbara Drautz as administatrix of the goods, chattels, and credits of Louis Drautz, deceased, in the place and stead of the said Louis Drautz, as defendant appellant; fifth, permitting the appellants to correct notice of appeal served upon the respondent by striking out the words, "The appellants demand a new trial in the appellate court."