TRUMAN A. BLACK, Appellant, *v.* THOMAS A. MAITLAND, Respondent.

*Justices' Courts — payment of costs on appeal — error in the amount — power of the County Court to permit the correct amount to be afterwards paid.*

Where a party, desiring to appeal from a judgment rendered by a justice of the peace, through an erroneous statement of the justice fails to pay, at the time of serving his notice of appeal, all the costs included in the judgment, the County Court has power, under section 3049 of the Code of Civil Procedure, to permit the appellant to perfect his appeal by paying into court the residue of the costs.

APPEAL by the plaintiff, Truman A. Black, from an order of the County Court of Westchester county, entered in the office of the clerk of the county of Westchester on the 18th day of November, 1895, denying the plaintiff's motion to dismiss the appeal to the County Court from the judgment entered in the Justice's Court,

and granting the defendant's motion for leave to correct his omission to pay the costs included in the judgment, and ordering that by the tender and payment into court of said costs the appeal was duly perfected.

*Frederick Willets,* for the appellant.

*Charles Gibson Bennett,* for the respondent.

BROWN, P. J.:

This appeal is from an order of the County Court of Westchester county, which denied a motion made by the plaintiff to dismiss an appeal taken by the defendant from a judgment rendered by a justice of the peace, made upon the ground that defendant had omitted to pay the costs awarded in the judgment, and which granted leave to defendant to pay such costs.

It is provided by section 3047 of the Code of Civil Procedure that at the time of serving a notice of appeal on the justice, the appellant must pay to him the costs included in the judgment. In this case it appears that at the close of the trial the plaintiff's attorney paid to the justice the costs included in the judgment. The defendant immediately served a notice of appeal to the County Court, and asked the justice what costs he had to pay in order to take the appeal. The justice answered two dollars, which sum was thereupon paid. Upon learning that this sum did not include all the costs, the defendant's counsel thereafter tendered to the justice and to the plaintiff's attorney a sum equal to the amount of costs awarded in the judgment, neither of whom would, however, accept it.

Section 3049 of the Code provides that " Where the appellant, seasonably and in good faith, serves the notice of appeal upon either the justice or the respondent, but omits, through mistake, inadvertence or excusable neglect, to serve it upon the other, or to do any other act necessary to perfect the appeal, the appellate court, upon proof by affidavit of the facts, may, in its discretion, permit the omission to be supplied or an amendment to be made, upon such terms as justice requires."

This provision was first enacted in 1880. Prior thereto there was no power in the courts to relieve a party appealing from a judg-

ment rendered by a justice of the peace in a civil action from any omission or neglect to do any act necessary to perfect his appeal. (*Eldridge* v. *Underhill*, 17 Hun, 241; *Thomas* v. *Thomas*, 18 id. 481.)

Under the section quoted the court may now, however, upon such terms as are just, permit the appellant to supply such omission, and may grant such amendments as are necessary to perfect an appeal already taken. (*Gutbrecht* v. *P. P. & C. I. R. R. Co.*, 28 Hun, 497; *Thorn* v. *Roods*, 47 id. 433; *Mann* v. *Dennis*, 20 N. Y. St. Repr. 195.)

The cases cited by the appellant have no application to the question here presented.

The order should be affirmed, with ten dollars costs and disbursements.

All concurred.

Order affirmed, with ten dollars costs and disbursements.