(20 Misc. Rep. 588.)
SZERLIP v. BAIR et al.

(Supreme Court, Appellate Term.   July 1, 1897.)

1. APPEAL—DEPOSIT OF COSTS.
    Upon an appeal from an order of a district court, under Laws 1896, c. 748, the costs awarded by such order must be deposited by the appellant.
2. SAME—DISMISSAL.
    An appeal from a district court need not necessarily be dismissed for failure of the appellant to deposit the costs, but it is within the discretion of the appellate court, in a proper case, to permit the omission to be supplied.

Appeal from Fifth district court.

Action by Freida Szerlip against Franz Bair, sued as "Fair" Bair, impleaded with John J. Bair and Henry Jacobs. Judgment for plaintiff. From an order setting it aside, he appeals. Motion by respondent to dismiss appeal for failure of appellant to deposit the costs awarded. Granted on conditions.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Abraham B. Schleimer, for appellant.
A. H. Berrick, for respondent.

DALY, P. J.   The plaintiff recovered a judgment in the Fifth district court against the defendants by default, but, on motion of the defendant Franz Bair, it was set aside, as against him, on the ground that he was not served with the summons. From the order setting aside the judgment, the plaintiff has appealed, and this appeal the defendant now moves to dismiss, because the sum of $30, awarded in the order for disbursements, has not been deposited with the clerk of the court.

When an appeal is taken from a judgment of the district court, the appellant, at the time of serving his notice of appeal, is required to pay to the justice, or his clerk, the costs of the action, included in the judgment, as well as the sum of two dollars, the fee of the justice for making the return.   Code Civ. Proc. § 3047.   The practice upon appeals from orders vacating judgments in the district court is regulated by chapter 748, Laws 1896, providing that "from the order an appeal will lie as from a judgment in said court." By this provision the procedure on appeal from orders must conform to the procedure on appeal from judgments, so far as the latter may be appropriate. When an award of costs is included in the judgment appealed from, such costs must be deposited by the appellant; and so, when an award of costs is included in an order appealed from, a like deposit must be made.   No reason is apparent why the same considerations which led to the requirement of the payment of costs, included in the judgment sought to be appealed from, do not apply with equal force to the costs awarded in an order.   By requiring the deposit in the latter case, we conform the practice on appeals from orders as closely as possible to that on appeals from judgments, and this seems to be the intent of the legislature.

It does not, however, follow that, for the omission to make this deposit, the appeal must be dismissed.   It is discretionary with the

appellate court, where the appellant has seasonably and in good faith served his notice of appeal, but omitted, through mistake, to do any other act necessary to perfect the appeal, to permit the omission to be supplied. Code Civ. Proc. § 3049. As the question in this case is novel, and the practice unsettled, it is proper to allow the appellant an opportunity to make the deposit. If he does so within 10 days, the motion to dismiss the appeal will be denied, without costs. If he fails to do so within the time allotted, the motion will be granted, with $10 costs.

Motion granted, with $10 costs, unless appellant, within 10 days, deposits with the justice or clerk of the Fifth district court $30, the amount of costs awarded in the order appealed from. If such deposit be made, the motion to dismiss the appeal will be denied, without costs. All concur.