J. & M. Electric Company, Appellant, *v.* Joseph Cen-
totella et al., Respondents.

(County Court, Oneida County, October, 1912.)

Appeal — perfecting of — County Court — undertaking nunc pro tunc.

An appeal from a judgment and for a new trial in the County
Court must be perfected by the giving of an undertaking as re-
quired by section 3069 of the Code of Civil Procedure, though the
appeal is taken by plaintiff in whose favor the judgment was
rendered.

Where the appellant, by affidavit, brings itself within the
requirement of section 3049 of said Code it will be permitted to
perfect the appeal by giving the undertaking *nunc pro tunc.*

Appeal from a judgment of the City Court of Utica in
favor of plaintiff for $15, demanding a new trial in the
County Court. No undertaking has been given upon the
appeal, and defendant moves to dismiss the appeal for that
reason.

Lee & Dowling, for motion.

Lynch & Willis, opposed.

Hazard, J. It is admitted that no undertaking has been
given, but appellant contends that, inasmuch as it was the
party recovering judgment in the court below who is also
the appellant, it is unnecessary to give an undertaking.
It is appellant's theory that the only purpose of an under-
taking is to stay an execution upon judgment in the court
below, and that, inasmuch as the appellant recovered in the
court below, there is no occasion for an undertaking. In
other words, appellant says that, quoting from the language
of section 3050, it does not " require a stay of execution,"
and, therefore, no bond need be given. The question seems
to be a new one. My attention is not called to any case in
which exactly that point has been decided, and I am unable
to find any, at least under the Code in its present form.
This is an appeal by the plaintiff from a judgment in its
own favor, for a new trial, the plaintiff hoping to make a

larger recovery in the County Court. The appeal is, therefore, taken under section 3068 of the Code. Section 3069 reads as follows: " To render such an appeal effectual, the appellant must, at the time of the service of the notice of appeal upon the justice, give the undertaking required, by this title, to stay the execution of the judgment." The language seems to be very explicit, although it seems that there is room for a wide difference of opinion as to the purport and meaning of the words, " to stay the execution of the judgment." It seems to me that the language just quoted is intended to identify the undertaking referred to, rather than as declaratory of the purpose of the undertaking, and we, therefore, find that the undertaking " required, by this title, to stay the execution of judgment," is that undertaking provided for by section 3050. The whole subject of appeals from justice's court is covered by title 8 of the Code of Civil Procedure, comprising section 3044 to section 3073, inclusive; and two kinds of appeals are therein provided for, one upon questions of law only, and the other where a new trial is demanded. In the former case it seems that a bond need not be given unless a stay of execution is desired, but it seems equally clear that in the other case the provisions of section 3069 must apply, and that " to render such an appeal effectual " the appellant must give the bond provided for " in this title." It will be seen that section 3050 is general, applying to both kinds of appeals, and it seems equally clear that section 3069 is mandatory in connection with appeals of the sort under consideration. There are numerous cases in the books in which judges have remarked upon the one side in connection with the general subject of bonds, something to the effect that the appellant has or has not given the bond required by law to make his appeal effectual; and on the other hand, in a number of instances remarks have been made to the effect that, inasmuch as a stay of execution was not desired, no bond was necessary. In none of these cases that I have been able to find has the point been at issue, and all such remarks seem to be simply obiter. Under the old Code it was decided plainly enough that an appeal for a new trial required a

bond in any and every event to confer jurisdiction on the County Court. Lake v. Kels, 11 Abb Pr. (N. S.) 37; Kuntz v. Licht, 8 Hun, 14.

The Code at that time read: " When by the terms of section 352, the appellant is entitled to a new trial in the appellate court, he shall at the time of taking his appeal, and in all other cases, if he desires a stay of execution of judgment, give security as provided in the last section." There could be no doubt about the meaning of that section, and probably should be none under the meaning of the present section (3069), although its language is not quite as explicit. Neither am I so certain that appellant's contention that a bond in this case is an idle formality is correct, as, apparently, a situation might arise where appellant might have a judgment for costs entered against him, and I assume (without deciding) that his bond herein would apply to a judgment for costs. Smith v. Crouse, 24 Barb. 433, 437; Doolittle v. Dininny, 31 N. Y. 350; Humerton v. Hay, 65 id. 380; Hinckley v. Krietz, 58 id. 583.

It is said in Waite's Law and Practice (7th ed., vol. 3, p. 589): " The statute makes no exception, and a security must be given, although the appeal is taken by plaintiff who recovered judgment in the court below." This declaration is not supported by any citations, but I believe represents the law in the case.

The appellant herein has filed an affidavit which is intended to, and, I think, does, bring it within the requirements of section 3049, and I think that it should be permitted to perfect its appeal by giving an undertaking *nunc pro tunc*. An order may be prepared to that effect, providing that such undertaking shall be given within five days, and also providing that if none is given within that time the motion herein will be granted and the appeal dismissed, but otherwise the motion will be denied.

In view of what seems to be a fact that considerable uncertainty has prevailed in connection with the practice in such cases, I think costs will not be awarded.

Ordered accordingly.