ADAM H. LAUCK, Respondent, *v.* EDWARD V. GORMAN, Appellant.

(County Court, Nassau County, May, 1914.)

Appeals — notice of — from judgment rendered by justice of the peace — demand for new trial in County Court — Code Civ. Pro., §§ 3049, 3050 — motion to dismiss when denied — filing and serving undertaking required by Code Civ. Pro., § 3069.

Where on appeal from a judgment rendered by a justice of the peace a new trial is demanded in the County Court, the giving of an undertaking to stay execution, as provided by section 3050 of the Code of Civil Procedure, at the time of the service of the notice of appeal is jurisdictional, and if not given the appeal will be dismissed, though by oral stipulation the giving of the undertaking has been waived.

Where upon a motion to dismiss the appeal the respondent, who entered a general appearance, noticed the cause and moved the trial, submits an affidavit in opposition in which he states that he never authorized his former attorney herein to waive the giving and filing of an undertaking to perfect the appeal and that he has no knowledge of any such waiver by said attorney, and also that he never authorized him to serve a notice of trial, and that he believes an undertaking is necessary to protect his rights, as he considers the appellant to be financially irresponsible, the appellate court under the provisions of section 3049 of the Code of Civil Procedure which provides that

**492**          LAUCK *v.* GORMAN.

" Where the appellant, seasonably and in good faith, serves the notice of appeal, upon either the justice or the respondent, but omits, through mistake, inadvertence or excusable neglect, to serve it upon the other, or to do any other act necessary to perfect the appeal, the appellate court, upon proof by affidavit of the facts, may, in its discretion, permit the omission to be supplied, or an amendment to be made, upon such terms as justice requires," may permit the filing and service of an undertaking *nunc pro tunc,* thus giving the respondent security and at the same time preventing the hardship to appellant of the loss of his appeal.

Motion to dismiss the appeal denied upon condition that appellant within ten days from the date of the service upon respondent's attorney of the order to be entered herein, with notice of entry thereof, file and serve the undertaking required by section 3069 of the Code of Civil Procedure, and pay costs of the motion; in case of appellant's failure to comply with said conditions, the motion to dismiss the appeal is granted, with costs.

MOTION to dismiss an appeal from a judgment of a Justice's Court.

William T. McCoun, for motion.

James N. Gehrig, opposed.

NIEMANN, J.    The plaintiff recovered a judgment before Mr. Justice Steinert, on the 28th day of October, 1913, for the sum of fifty-six dollars and eighty-three cents.    The defendant filed and served a notice of appeal from said judgment to the County Court of Nassau county, containing a demand for a new trial in said County Court, but failed to perfect said appeal by filing therewith an undertaking as required by section 3069 of the Code of Civil Procedure, and the plaintiff-respondent now moves to dismiss said appeal because of such failure.

It appears that Mr. Charles H. Stoll was the attor-

ney for the plaintiff in the court below and also appeared for him in this court upon said appeal. The notice of appeal was duly served upon the justice and was also served upon Mr. Stoll on the 17th day of November, 1913, and he gave the appellant's attorney admission of service. Subsequently, on the 11th day of April, 1914, the attorney for the defendant-appellant served upon Mr. Stoll a notice of trial for the June Term of this court, upon which Mr. Stoll also gave admission of service, and on the same day Mr. Stoll served a notice of trial on the appellant's attorney for said term. Shortly thereafter Mr. W. T. McCoun was substituted as the attorney for said plaintiff-respondent and he now makes this motion to dismiss the appeal. Mr. Stoll has made an affidavit upon the motion in which he states that while he was still the attorney for the plaintiff-respondent, namely, on the 15th day of November, 1913, Mr. Gehrig called upon him and asked him whether he wished the defendant to furnish a bond upon said appeal and that he stated to Mr. Gehrig that he was satisfied with the defendant's financial responsibility; that Mr. Gehrig then asked him if he would stipulate to waive a bond and that he said he would do so. Said stipulation was never reduced to writing and is now repudiated by Mr. McCoun, who has succeeded Mr. Stoll in the case as attorney for the plaintiff-respondent. Mr. Stoll particularly states in his affidavit that he at all times intended to waive the filing of a bond, being fully satisfied with the defendant's financial responsibility.

(1) It is provided by section 3069 of the Code of Civil Procedure, that to render an appeal from a Justice's Court effectual, the appellant must, at the time of the service of the notice of appeal upon the justice, give the undertaking required by section 3050 of the Code of Civil Procedure. The giving of secu-

rity, when a new trial is demanded, is jurisdictional, and if it is not given the appeal will be dismissed. *Kuntz* v. *Licht*, 8 Hun, 14; *Lake* v. *Kels*, 11 Abb. Pr. (N. S.) 37; *J. & M. Electric Co.* v. *Centotella*, 77 Misc. Rep. 670. The oral stipulation to waive the giving of such undertaking cannot be enforced. It is provided by Rule 11 of the General Rules of Practice as follows: "No private agreement or consent between the parties or their attorneys, in respect to the proceedings in a cause, shall be binding, unless the same shall have been reduced to the form of an order by consent, and entered, or unless the evidence thereof shall be in writing, subscribed by the party against whom the same shall be alleged, or by his attorney or counsel." And it is well settled that an agreement between the attorneys in a case will not be recognized unless reduced to writing. *Leese* v. *Schermerhorn*, 3 How. Pr. 63; *Bradford* v. *Downs*, 25 App. Div. 581; *Friedland* v. *Commonwealth F. I. Co., etc.*, 136 id. 6.

(2) There is authority for holding that if a respondent has appeared generally, noticed the case, and moved the trial (all of which was done in this case), it is too late to object that the appeal was not regularly taken, though the objections go to the validity of the process. *Coppernoll* v. *Ketcham*, 56 Barb. 111. And it was held in the case of *Pierson* v. *Lovejoy*, 53 Barb. 407, that although the appeal had not been taken within twenty days the general appearance by the respondent on the appeal and his noticing it for argument amounted to a waiver of his right to have the appeal dismissed on the ground that it was not served in time. It was held by the court that these were positive acts of submission to the tribunal whose right to hear the appeal the motion to dismiss questioned. It was held in the case of *Lake* v. *Kels, supra,* that where there is some step or proceeding in the case by

which the moving party is deemed to have submitted
himself to the jurisdiction of the court, he waives his
right to move to dismiss an appeal.   It was decided
by the Court of Appeals in the case of *Seymour* v.
*Judd*, 2 N. Y. 464, 467, that though an appeal from a
justice's judgment was so taken as to be a nullity, yet
that a general appearance would cure the defect.   The
acceptance by Mr. Stoll of service of the notice of
appeal and the admission of service given by him
thereon as attorney for the plaintiff-respondent, and
his retention of such notice, and the service by him of
a notice of trial for the June Term, were such as would
constitute a recognition of the appeal as a valid pend-
ing appeal.

The respondent has submitted an affidavit in opposi-
tion to this motion in which he says that he never
authorized his former attorney herein to waive the
giving and filing of an undertaking by the appellant
to perfect his appeal, and that he had no knowledge
of any such waiver by his said attorney; also, that he
never authorized his said attorney to serve a notice
of trial; and that he believes an undertaking is neces-
sary to protect his rights, as he considers the defend-
ant to be financially irresponsible.   There certainly
was no special authorization necessary to permit Mr.
Stoll to accept and serve a notice of trial, and if the
stipulation had been reduced to writing, and signed
by Mr. Stoll, the respondent would also have been
bound by that.

(3) Section 3049 of the Code of Civil Procedure pro-
vides as follows:  " Where the appellant, seasonably
and in good faith, serves the notice of appeal, upon
either the justice or the respondent, but omits, through
mistake, inadvertence or excusable neglect, to serve it
upon the other, or to do any other act necessary to
perfect the appeal, the appellate court, upon proof by

affidavit of the facts, may, in its discretion, permit the omission to be supplied, or an amendment to be made, upon such terms as justice requires.''

It was said in the case of *Gutbrecht* v. *Prospect Park & C. I. R. R. Co.*, 28 Hun, 497: '' This language is very comprehensive and was intended to prevent all injury to appellants, arising from mere technical variances or omissions. Any act on the part of the appellant which constitutes a step in the proceeding to appeal, and which evinces his intention in good faith to perfect and prosecute his appeal, is a sufficient ground for an amendment.''

The above section is very sweeping, in that it gives the appellate court power, where the appellant seasonably and in good faith serves his notice of appeal, '' to do any other act necessary to perfect the appeal,'' provided such act has been omitted '' through mistake, inadvertence or excusable neglect.'' The proof upon this motion shows that the omission to give an undertaking in this case was excusable. The failure of the appellant to furnish such undertaking was brought about by his relying on the said oral stipulation of the respondent's attorney, and his failure to obtain a written stipulation may fairly be held to be '' excusable neglect.''

I am of the opinion that the general appearance of the respondent's former attorney and his moving the cause were sufficient to constitute a waiver of the undertaking, but, in order that any possible question as to the regularity of the appeal may be avoided, I have concluded to permit the filing and service of an undertaking *nunc pro tunc.* This will give the respondent security and at the same time prevent the hardship to the appellant of a loss of his appeal.

The case of *Kuntz* v. *Licht, supra,* cited by the learned counsel for the respondent, is not an authority

against the granting of such relief to the appellant.

In that case the court, while holding that security was required to perfect an appeal and to give jurisdiction thereon to the County Court, did not hold or intimate that the County Court did not have the right, in the furtherance of justice and in the exercise of a sound discretion, to permit the giving of security on appeal *nunc pro tunc.* There is ample warrant for such course to be found in said section of the Code and in the cases of *Lake* v. *Kels, supra,* and *J. & M. Electric Co.* v. *Centotella, supra.* As was said by the court in the case of *Pierson* v. *Lovejoy, supra:* " Statutes giving the right of appeal are always liberally construed in furtherance of justice, and such an interpretation as will work a forfeiture of such right is not to be favored." The right of the County Court to exercise the power of amendment, and in the exercise of a wise discretion to make amendments and corrections to the end that an appellant who has in good faith taken an appeal shall not be denied a hearing, has been recognized in many cases. *Lake* v. *Kels, supra; Gutbrecht* v. *Prospect Park & C. I. R. R. Co., supra; Ross* v. *Markham,* 5 Civ. Pro. 81; *Burrows* v. *Norton,* 2 Hun, 550; *Thorn* v. *Roods,* 47 id. 433; *Gray* v. *Walcott,* 5 N. Y. St. Repr. 129; *Reilly* v. *Murray,* 6 id. 720; *McCarthy* v. *Crowley,* 24 id. 815; *Chatfield* v. *Reynolds,* 31 id. 195; *O'Reilly* v. *Block,* 23 N. Y. Supp. 670; *Sherman* v. *Wells,* 14 How. Pr. 522; *People ex rel. Gemmill* v. *Eldridge,* 7 id. 108; *Irwin* v. *Muir,* 13 id. 409; *Black* v. *Maitland,* 1 App. Div. 6; *Walrath* v. *Klock,* 22 id. 220; *Goss* v. *Hays,* 40 id. 557.

(4) I will deny the respondent's motion to dismiss the appeal, upon condition that the appellant, within ten days from the date of the service upon respondent's attorney of a copy of the order to be entered herein, with notice of entry thereof, file and serve the

undertaking required by said section 3069 of the Code of Civil Procedure, and that he pay ten dollars costs of this motion to respondent's attorney. Should the appellant fail to comply with said conditions the said motion to dismiss the appeal is granted, with ten dollars costs.

Motion granted, with ten dollars costs.