HARRY EATON, Respondent, *v.* ANDREW POTTS, Appellant.

(County Court, Cortland County, June, 1915.)*

Undertakings — failure to file — appeal — Code Civ. Pro. § 3049 — costs.

Where, on appeal to the County Court from a judgment in Justice's Court and for a new trial, defendant seasonably pays the costs and duly serves a notice of appeal, but inadvertently fails to file an undertaking, and thereafter plaintiff appears by a regular notice of appearance served by his attorney who also serves a notice of trial, defendant's motion for leave to file and serve the undertaking required by law *nunc pro tunc* so as to perfect his appeal may be granted under section 3049 of the Code of Civil Procedure on payment of motion costs.

APPEAL from judgment of Justice's Court. Motion to relieve the appellant from default in perfecting his appeal.

Harold J. Glover, for appellant.

John H. Miller, for respondent.

---

* Received too late for insertion in proper place.— [REPR.

SWEETLAND, J.  This action was tried in Justice's Court and resulted in a judgment in favor of the plaintiff.  The defendant appealed from said judgment for a new trial in County Court, and seasonably paid the costs and duly served the notice of appeal, but inadvertently failed to file the undertaking, and thereafter the plaintiff appeared by regular notice of appearance, served by his attorney, who also served a notice of trial for the March term of this court.  The defendant, on his own affidavit and all the papers and proceedings in this action, moves for leave to serve and file the undertaking required by law *nunc pro tunc* so as to thereby perfect his appeal.

The plaintiff-respondent opposed the application but used no affidavits in opposition to the defendant-appellant's motion, and does not controvert any of the facts relied upon by the defendant-appellant, nor does he raise the question of the insufficiency of statements in the affidavit.  The good faith of the application is not questioned.

Secton 3049 of the Code of Civil Procedure reads as follows: " § 3049.  Amendment; when allowed.  Where the appellant, seasonably and in good faith, serves the notice of appeal, upon either the justice or the respondent, but omits, through mistake, inadvertence, or excusable neglect, to serve it upon the other, or to do any other act necessary to perfect the appeal, the appellate court, upon proof by affidavit of the facts, may, in its discretion, permit the omission to be supplied, or an amendment to be made, upon such terms as justice requires."  I consider the above section is sufficient authority for this application.

Many difficult questions arise in Justice's Court practice, perplexing to lawyers and important to clients, wherein the reports are of but little aid because the question involved has not been reported.

The Supreme Court practice is much more standardized and settled than Justice's Court practice. There has been a tendency of late on the part of the legislature to make more flexible the Justice's Court practice in the interest of justice. This policy is welcomed by the profession and tends to promote justice.

Some of the cases decided under the former practice, particularly under section 355 of the Code of Procedure, are no longer authorities on this question, for that old severe rule has been relaxed by section 3049 of the Code of Civil Procedure as well as the general trend of judicial decisions. The plaintiff-respondent cites the case, *Kuntz* v. *Licht,* 8 Hun, 14, decided under the former Code in 1876, which, I consider, is no longer an authority on this question, and even under the old practice it was considered discretionary with the court as to granting relief in such cases. *Lake* v. *Kells,* 11 Abb. N. S. 37.

The case, *J. & M. Electric Co.* v. *Centotella,* 77 Misc. Rep. 670, discusses this question, and while the facts differ from those in this case, yet it is an authority for holding if the party in default complies with the requirement of section 3049 of the Code of Civil Procedure, he may be permitted to perfect his appeal by giving, filing and serving the undertaking required by law.

It is in accord with legal authority, the spirit of the law, and the trend of legal sentiment to exercise the discretionary power given by section 3049 to relieve the defendant-appellant from his default. But to allow him the relief asked without imposing costs would tend to encourage neglect and dilatory practice. The defendant should pay the motion costs in order to be relieved of his default and as a condition for granting the favor he asks.

An order may be prepared and presented, permit-

ting the defendant-appellant to file and serve his undertaking *nunc pro tunc,* and the plaintiff-respondent to accept the same upon payment of ten dollars by the defendant-appellant.

Ordered accordingly.