WILLIAM CAREY, Respondent, *v.* LYNN WRIGHT, Appellant.

County Court, Madison County, February 17, 1934.

*R. W. France,* for the appellant.

*Timothy Hugo,* for the respondent.

CAMPBELL, J.   The action was brought for the replevin of certain personal property mentioned in the complaint.   A writ of replevin was issued and the property taken, but on the return day the writ was set aside by the justice of the peace on the ground that the undertaking was insufficient.   The issue was joined and the action tried without a jury.   The justice found that the plaintiff was entitled to $170 damages and $21.60 costs and awarded the plaintiff possession of the chattels claimed.

Defendant duly appealed to this court from the judgment so entered and thereafter some agreement was made to settle the said matter and withdraw the appeal.   After such arrangement the defendant requested that the justice of the peace return to him the three dollars paid the justice for the return fee.   The defendant received and accepted the same. but later he returned the three dollars to the justice for the purpose of continuing the appeal.   It is the contention of the respondent that appellant by demanding and receiving the three dollars actually abandoned his appeal or withdrew the same and, therefore, is not entitled to maintain this appeal.   No order was ever made dismissing the appeal nor was anything done to discontinue the action in the way of stipulation or otherwise.

After the service of notice of appeal the action became a matter in the appellate court and could only be dismissed by order of this

court. (*Adams* v. *Fox*, 27 N. Y. 640; *Cutting* v. *Jessmer*, 101 App. Div. 283; *Miller* v. *City of Buffalo*, 129 id. 833; *Howey* v. *Lake Shore M. S. R. Co.*, 15 Misc. 527.)

Since the appellant had taken the initial steps to perfect his appeal this court could relieve him from any error or omission in perfecting the appeal. (*Szerlip* v. *Bair*, 20 Misc. 588; *Black* v. *Maitland*, 1 App. Div. 6.)

There is no necessity whatever for such relief on the part of this court as the return fee has been accepted by the justice and the return seems complete and is not questioned at this time.

The final judgment did not comply with section 117 of the Justice's Court Act in that it failed to fix the value of the chattels awarded to the plaintiff. This is a fatal error and the judgment cannot stand. (*N. Y. Yellow Cab Co.* v. *Portland Garage & Realty Co.*, 223 App. Div. 44; *Karpas* v. *Brussell*, 217 id. 550; *Raynor* v. *Drake*, 116 Misc. 307; *Norton* v. *Helmer*, 147 id. 236.)

The judgment of the justice of the peace is reversed and a new trial ordered before Dayton F. Smith, a justice of the peace of the town of Hamilton, Madison county, N. Y.

Disbursements of the appeal allowed to appellant, costs to abide the event.

Judgment in accordance with this decision may be prepared and entered.