RHEINHOLD RATH, Plaintiff, v. WILLIAM AHRENS and Another, Defendants.

County Court, Nassau County, July 18, 1934.

*Raphael P. Russakow,* for the plaintiff.

*Alfred J. Loew,* for defendant William Ahrens.

JOHNSON, J. Plaintiff and defendants both move for judgment on the pleadings. The action is against sureties upon an appeal bond. The plaintiff recovered a judgment in the Justice's Court in the sum of $156.10 against one Detmer. Detmer appealed to the County Court from such judgment. Under the statute Detmer might have pursued either one of two methods of appeal. By appealing generally under Justice Court Act, section 428, he was required only to serve his written notice of appeal unless he desired a stay of execution, in which case he would be required to furnish the undertaking provided for by Justice Court Act, section 434. Such an appeal would be heard by the appellate court upon the return of the court below, with power in the appellate court to affirm, modify or reverse the judgment below. (Justice Ct. Act, §§ 450 and 451.)

On the other hand, if the judgment below exceeded $100, the appellant might demand, as of right, a new trial in the appellate court. To render such an appeal effective, the appellant would be required to serve with his notice of appeal the undertaking required by section 434, *supra.* (See §§ 442 and 443.)

Upon such an appeal the action is deemed an action at issue in the appellate court, and all subsequent proceedings therein are the same as if the action had been commenced in such court, and the amount of costs on such new trial is specifically prescribed. (Justice Ct. Act, §§ 446 and 447.) Upon such an appeal the judgment appealed from is no longer effective between the parties, but the case is heard in the County Court *de novo;* the latter court for the purposes of trial and judgment having the same jurisdiction as if the action had originally been brought in that court. (*Crandell* v. *Bickerd,* 32 Misc. 258; *Crannell* v. *Comstock,* 12 Hun, 293; *Burns* v. *Howard,* 9 Abb. N. C. 321; *Cochrane* v. *Cornwell,* 162 App. Div. 921.)

In the present case Detmer chose the latter method of appeal, and in his notice of appeal demanded, as was his right, a new trial in the County Court. He was, therefore, required to furnish an

undertaking as prescribed in Justice Court Act, section 434. Such section prescribes the form of that undertaking to be that, " if the appeal is dismissed or if judgment is rendered against the appellant in the appellate court and an execution issued thereupon is returned wholly or partly unsatisfied, the sureties will pay the amount of the judgment, or the portion thereof remaining unsatisfied, not exceeding a sum specified in the undertaking, which must be at least one hundred dollars, and not less than twice the amount of the judgment."

Such an undertaking was not furnished. On the contrary, the undertaking furnished by the defendants and accepted by the plaintiff provided as follows: " If the said judgment so appealed from or any part thereof is affirmed or if the appeal is dismissed, the appellant will pay the sum recovered or directed to be paid by the said judgment or the part thereof as to which it is affirmed; and that the said appellant will pay all costs and damages which may be awarded against him on the appeal, not to exceed the sum of $325."

It will be seen at once that the undertaking in question is in the form of the usual undertaking to pay the sum recovered or directed to be paid by a judgment which is affirmed upon appeal, together with all costs and damages. (See Civ. Prac. Act, §§ 593 and 594.) In short, these defendants have agreed only to pay the sum recovered or directed to be paid by the judgment of the Justice's Court if it is affirmed or if the appeal is dismissed. They have not in their undertaking agreed to pay the judgment rendered against the appellant in the appellate court.

Their undertaking is an agreement which can be enforced only according to its terms. Unless it contains the provisions of the statutory undertaking, it cannot be given the force and effect thereof. Its words cannot be extended by implication in aid of the plaintiff who, having it within his power to protect himself by seeing to it that the bond given was a statutory bond, has elected to accept one that is not. (*Concordia Sav. & Aid Assn.* v. *Read*, 124 N. Y. 189.)

Thus in a case where the undertaking given was that the appellant would pay the judgment of the Justice's Court in case the appeal were dismissed or in case judgment were rendered against the appellant in the County Court, the plaintiff in an action on the undertaking could not compel the surety to pay the County Court judgment. That particular undertaking was given to secure the stay of execution of the justice's judgment. According to the statute, it was necessary that the surety agree to pay any judgment rendered against the appellant in the County Court. Instead of so doing, the sureties agreed to pay the amount of the justice's judgment in case the appeal should be dismissed or judgment rendered against the appellant in the County Court. It made no reference

to the recovery of a County Court judgment except as a condition upon which the surety would become liable to pay the Justice's Court judgment. (See *Hennion* v. *Kipp*, 30 App. Div. 288 [Second Dept.], CULLEN, J.)

In the present case the plaintiff is in a similar unfortunate situation. Nor is he assisted by the provision in the undertaking whereby the sureties agree that the appellant will pay all costs and damages which may be awarded against him on the appeal. This part of the undertaking cannot be split off from the rest and treated as a distinct agreement. It is but a continuation of the preceding clauses, and is also dependent upon the happening of the precedent event, that is, either a dismissal of the appeal or an affirmance of the judgment appealed from. (*Post* v. *Doremus*, 60 N. Y. 371, at pp. 378 and 379.)

Defendants' motion for judgment must, therefore, be granted.