Fred J. Munder, J.
This is an action to recover an agreed price of $350 allegedly due for the installation of a driveway on the defendant’s property. The defendant has appealed from ■a judgment taken after inquest in the Justice’s Court of the Town of Babylon, demanding a trial de novo in the County Court. The respondent now moves to dismiss the appeal on the following grounds:
1. The appeal was not timely;
2. The appeal was defective for failure to file a proper undertaking at the time the notice of appeal was served;
3. No justification of the sufficiency of the surety was made within 10 days after the exception thereto;
4. The appeal has not been noticed for hearing within the time required by the Justice Court Act.
In opposing this motion the appellant also makes a cross motion to dismiss the exception to the sufficiency of the surety on the ground that the bond was duly approved by the court.
That the plaintiff’s first contention is in error is disclosed by the Justice’s return on file with this court.
The second contention must be considered as waived by the plaintiff’s having filed an exception to the sufficiency of the surety on the undertaking. (See Lewin v. Towbin, 51 App. Div. 477.)
The fact that the surety failed to justify within the 10 days allowed by statute deserves more serious consideration. Section 435 of the Justice Court Act provides that the effect of such failure is the same as if the undertaking had not been given; and such undertaking is mandatory where the appeal, as here, is taken under section 442. (Justice Court Act, § 443.) However, it would seem that, where no hardship has been visited on the moving party and no attempt has been made to issue execution on the judgment, justice would require that the omission be supplied, there being ample authority to permit the filing of an undertaking nunc pro tunc where none was filed in the first instance. (Justice Court Act, § 433; Eaton v. Potts, 96 Misc. 182; J & M Elec. Co. v. Centotella, 77 Misc. 670.)
The fourth contention, that the appeal should be dismissed for failure of the appellant to notice same for a hearing, is *1012 without merit. Upon an appeal taken pursuant to section 442 of the Justice Court Act the action is deemed one at issue in the appellate court and all proceedings therein are the same as though it had been commenced in the higher court. (Justice Court Act, § 446.) There is no statutory time limit within which it must be noticed for hearing. Though the burden of moving the action for trial may rest with the appellant (Szoth v. Green, 155 Misc. 210) he cannot in this case be considered guilty of unreasonable neglect in prosecuting the appeal as only one term for the trial of civil causes has expired since the notice of appeal was filed.
By reply affidavit the plaintiff suggests that the defendant, in order to earn his day in court, must show a reasonable excuse ,for not appearing at the trial of the action and a meritorious defense. That would be true were the appellant merely seeking to set aside a default. However, on an appeal such as this, where issue has been joined in the court below, the appellant is entitled as a matter of right to a trial de novo in the appellate court, and the judgment appealed from is no longer effective between the parties. (See Rath v. Ahrens, 153 Misc. 122.)
The motion to dismiss the appeal is granted unless the surety justifies or the defendant files a new undertaking within 10 days of service of a copy of the order to be entered herein with notice of entry.
A reading of the statutes (Justice Court Act, §§ 434, 435) will show that the sufficiency of the surety may be excepted to though the bond has been previously approved. The cross motion must therefore be denied.
Submit order.