FRAZEE v. BEATTIE.

1. Under proceedings by a landlord before a trial justice for the purpose of ejecting a tenant, whether rent was due, and whether the parol contract between the parties created a tenancy by the week, or the month, or the year, were questions of fact, which cannot be reviewed either in the Circuit Court or in this court, under a writ of *certiorari.*

2. A question as to the constitutionality of an act of the legislature should be raised by exceptions duly taken.

3. The legislature may provide for a trial without jury, where in the same or analogous cases trial by jury did not exist prior to the constitution of 1868. In cases of landlord and tenant, no such right obtained prior to 1868, the proceeding before two magistrates and twelve freeholders not being a "trial by jury."

4. Section 1819 of the General Statutes, which provides a summary mode of ejecting tenants holding over, is not rendered unconstitutional by

its failure to provide for a jury trial, that mode of trial not having existed in analogous cases prior to the present State constitution.

Before ALDRICH, J., Richland, July, 1886.

The opinion fully states the case.

*Mr. John Bauskett*, for appellant.

*Messrs. Clark & Muller*, contra.

March 19, 1887. The opinion of the court was delivered by

MR. CHIEF JUSTICE SIMPSON. The appellant, on June 25, 1886, was summoned by J. Q. Marshall, a trial justice for Richland County, to appear before him within three days thereafter, to show cause why she should not be ejected from certain premises in the city of Columbia, then occupied by her, and claimed as the property of the respondent, P. F. Frazee. The summons was entitled "*P. F. Frazee, landlord,* v. *Sallie Beattie, tenant.* Notice to quit." Sallie Beattie answered this summons, and showed for cause, &c., that she had rented the premises in question from Frazee on August 25, 1884, at a rental of $18 per month; that she had occupied the place up to the time of the summons, and had overpaid the rent, claiming that she had not only paid all rent, up to the date of the summons, June 25, 1886, but also all rent up to August 25, 1886, two years from the beginning, and a considerable sum in advance for the next year. She also claimed that from "the actings and doings of Frazee in the collections of the rents she had become a tenant from year to year and was entitled to three months' notice to quit."

Upon hearing the case and the evidence submitted, the trial justice issued an order of ejectment, whereupon the *certiorari* proceeding, from which this appeal comes, was instituted below. In the return of the trial justice to the writ of his honor, Judge Aldrich, commanding said trial justice to certify all proceedings, &c., he stated, that upon the testimony he had found that P. F. Frazee leased the premises to Sallie Beattie by the week for the rent of $4.50 per week, payable in advance; that said tenancy began August 25, 1884; that when his summons was issued June

25, 1886, Sallie was in arrears of $28.50, besides $4.50, the rent of the current week; that Frazee, the landlord, after the rent was due and unpaid, had gone on the premises and claimed possession, which was refused. He therefore adjudged that she should be ejected. His honor, Judge Aldrich, affirmed the order of the trial justice, and Sallie Beattie has appealed upon the following grounds: 1st. It should have been found that no rent was due when the summons was issued. 2nd. It was error to find that the tenancy was from week to week, instead of by the month, or from year to year. 3rd. That the trial justice had no jurisdiction. And 4th. That the tenancy had become a tenancy from year to year at a rental of $18 per month.

The 1st, 2nd, and 4th exceptions involve questions of fact mainly, to wit, whether any rent was due at the time the summons was issued; and secondly, whether the tenancy was one from week to week, or from year to year. Under our decisions in cases like this, questions of fact belong exclusively to the trial justice, and his findings are conclusive. They can neither be reviewed by the Circuit Court nor by this court. It is true, the Circuit Court may review questions of law, other than jurisdictional, under *certiorari* proceedings, but not questions of fact; and the office of the writ when issued by this court is confined to the question of jurisdiction. See the case of *State ex rel. Sawyer* v. *Fort*, 24 *S. C.*, 510, and the cases there cited. The case here, however, comes up by appeal from the Circuit Court, but still it is not a case in chancery, and therefore the facts are beyond us. They must stand as found by the trial justice, and according to these facts, Sallie Beattie was a tenant from week to week, with unpaid rent due at the time the summons in ejectment was issued by the trial justice, amounting to $28.50, and also a portion of the current week.

The summons was entitled, *Frazee, landlord,* v. *Beattie, tenant,* and three days' notice to show cause was given; so that it is apparent from this summons and the answer of Sallie Beattie thereto, which constituted the pleadings in the cause, that jurisdiction was exercised under section 1819, General Statutes, which provides a summary mode of ejecting tenants who either hold over after the expiration of their leases or fail to pay the rent when due.

Section 1819 expressly confers jurisdiction on trial justices in such cases. But appellant, under exception 3, questions the constitutionality of this section. In *Tompkins* v. *Augusta & Knoxville R. R. Co.* (21 *S. C.*, 421), it was held, that where the constitutionality of a statute was not raised in the Circuit Court, nor by any exception, but is raised for the first time in the argument submitted here, it is not properly before this court for consideration. This principle, it seems to us, if enforced, would exclude here this constitutional question, as it was not before the Circuit Judge, nor is it expressly or distinctly raised in the exception above as to the jurisdiction of the trial justice. Inasmuch, however, as this question, though not thus distinctly raised in the exception mentioned, yet by a liberal construction may be included therein, we have considered it.

No doubt that the right of trial by jury was preserved by the constitution; that is, wherever the right existed at the adoption of the constitution it still remains, *Smith & Co.* v. *Bryce* (17 *S. C.*, 542), that intrument providing in terms that the right of trial by jury shall remain inviolate. *Art.* I., *sec.* 11. This provision of the constitution, however, does not inhibit legislation as to cases where the right of trial by jury did not exist at its adoption, nor as to analogous cases; on the contrary, proceedings without jury existing before the adoption of the constitution serve to authorize analogous proceedings by the legislature subsequently. *State* v. *Starling*, 15 *Rich.*, 132, and the cases there cited. The question here, then, is, did a right of trial by jury exist before the adoption of the constitution of 1868, in a contest between a landlord and his acknowledged tenant, the landlord claiming ejectment for the non-payment of rent?

The great right of trial by jury has existed from time immemorial in all those forms of actions at common law which were in use before the adoption of the code, such as assumpsit, debt, covenant, trover, trespass *vi et armis*, to try titles, case, &c., &c., and no doubt such right exists in the actions provided by the code as a substitute for these common law actions, also in criminal cases. And if the proceeding below belonged to either of the classes mentioned, then there would be ground for the claim that a jury trial was guaranteed. But this proceeding was not intended to

redress any one of the wrongs to which the common law actions above were applicable. The injury complained of by the landlord does not sound in damages either for breach of contract or for trespass to property, real or personal. Nor is title to property involved. On the contrary, it is a case where the title is admitted, and the only cause of action is the failure to yield possession by the tenant, the rent not having been paid, the payment of which was the condition of his possession.

There was no proceeding before the adoption of the constitution of 1868, allowing a jury in such a case in the sense of the right of trial by jury guaranteed by that instrument. We conceive that the provision of the constitution referred to was intended to preserve this right in all those cases and causes of actions mentioned above, where jury trials had so long prevailed, but it was not intended to prevent the legislature from providing by act an expeditious remedy for evils and injuries that might subsequently arise demanding such remedy. The old act of magistrates and freeholders (1839), applicable to cases of tenants holding over after the expiration of their leases, we do not regard as a jury trial, one which the constitution intended should remain inviolate. This was an exceptional class of cases for which a special tribunal was provided, differing from the ordinary jury trials, and not included in the guaranty of the constitution.

Besides this, the act of 1866, now section 1818 of General Statutes, in which an expeditious remedy was provided for ejecting one who had gone into possession of the lands of another as a tenant at will, or under a contract to serve, &c., was of force at the adoption of the constitution of 1868, and this served as authority to the legislature to enact expeditious remedies without a jury in analogous cases, as stated in the case of the *State* v. *Starling, supra.* The case of an acknowledged tenant failing to pay the rent and still holding possession under no claim of title and by virtue of no alleged right, seems to us to be an analogous case to that above, and demanding an equally expeditious remedy.

It is the judgment of this court, that the judgment of the Circuit Court be affirmed.