42 P.(2d) 1118

**RIXEY et al. v. BURGIN.**

No. 4012.

Supreme Court of New Mexico.

March 26, 1935.

D. A. Paddock, of Clayton, for appellants.

O. T. Toombs of Clayton, for appellee.

BICKLEY, Justice.

Appellants sued appellee in a justice of the peace court and recovered judgment on September 13, 1933. Appellee gave notice of appeal to the district court and an approved appeal bond was filed with the justice on September 23, 1933. This is all that is specifically required of the party desiring to appeal to take an appeal in the justice of the peace court. Sections 79-501, 79-502, Comp. St. 1929. On February 19, 1934, before the first day of the on-coming March term of the district court a bundle of papers

consisting of complaint, summons, and officers' return of service and said appeal bond were filed in the office of the clerk of the district court of Union county, and the cause docketed on said day.

On the second day of the March term, 1934, appellants (appellee in the justice of the peace court) filed their motion to dismiss the appeal because the party who had appealed had "failed to file in the district court * * * before the first day of the next regular term after the taking of the appeal a transcript of the entries made in the docket of the justice of the peace." Before this motion was finally disposed of, the appellee on the third day of the term, by his counsel, filed a motion setting up that he had just discovered that the justice of the peace had failed to file with the clerk of the district court the missing transcript and prayed an order on the justice to file such a transcript as is required of justices of the peace by section 79-503, Comp. St. 1929, when appeals have been taken from their judgments. This motion was sustained and the transcript ordered filed, which order was complied with.

■■The party who moved for a dismissal of the appeal did not thereby move for an affirmance of the judgment under rule 9 of the district court of Union county, which is the same as rule 4 of the practice for district courts. 14 N. M. 711, 107 P. xi. This is apparent because the cause had theretofore been docketed in the district court whether authoritatively or not, and furthermore it would then have been premature to have invoked this rule.

■ It is apparent that the justice of the peace had, by filing with the district court clerk "the papers relating to the suit," partially performed the duty imposed upon him by the statute (section 79-503), but had failed to fully comply therewith by omitting to file "a transcript of all the entries made in his docket relating to the case."

■ It is the contention of the appellants here that the court was without jurisdiction to entertain the motion for an order on the justice of the peace to file such a transcript, because the statute having directed that the transcript be filed "on or before the first day of the next term of the district court for the county," and the justice of the peace having failed to do his duty in this respect, it was too late to do anything about it.

In Oskins v. Miller, 33 N. M. 658, 275 P. 97, is an intimation that an application to the district court to correct the omission of the justice of the peace by supplying the transcript would have defeated the dismissal of the appeal for failure to have such transcript filed. This would seem to be sound, even assuming that it is the duty of the party interested to see to it that the justice timely performed his statutory duty. Certainly, it would be too harsh to say that a party claiming a meritorious appeal may be deprived of the fruits thereof through the failure of an officer to perform his duty imposed upon him by statute, such party not being clearly at fault.

We do not doubt the jurisdiction of the district court to make the order involved. By section 13, art. 6, of the state Constitu-

tion, such courts have original jurisdiction in all causes not excepted in the Constitution. Then follows the grant of appellate jurisdiction over all inferior courts in their districts and furthermore a supervisory control over such courts. For the purpose of the exercise of their jurisdiction of whatever kind or nature, the district courts are specifically authorized to issue various writs including the writ of certiorari. This was the nature of the writ employed by the district court in aid of its jurisdiction and issued perhaps in response to the very suggestion we made in Oskins v. Miller, supra.

Section 14 of rule X, Rules of Appellate Procedure in the Supreme Court, reflects a great liberality in affording a remedy to overcome defects in the record on appeal. It is not suggested, of course, that this rule is applicable to appeals from justice of the peace courts, but we think power of the court is not derived from the rule. The power is derived from the Constitution and the rule is regulatory thereof, and the district court exercised its power in the case at bar in accordance with the spirit of this rule in the interest of justice.

██ We do not consider that section 79-515, Comp. St. 1929, which authorizes certiorari to be issued to relieve a party who has been unable to appeal within the time allowed by statute if application is made therefor, within thirty days, is a restriction upon the power of the district court to employ such writ to bring up the record in other appropriate cases, even after the expiration of the period of thirty days after the rendition of the judgment in the justice of the peace court where an appeal has been taken in time, but is rendered ineffectual for trial of the cause in the district court because of absence of sufficient transcript from the court below. Nor do we think the court was deprived of jurisdiction to issue its writ of certiorari because of the pendency of the motion to dismiss the appeal. The two motions being before the court, the order sustaining the one amounted practically to the denial of the other, and the decision, if out of order, was at most an irregularity. In the case at bar, appellant stood on the ruling of the court adverse to their contentions, and refused to participate further in the proceedings. Whereupon the cause being for trial de novo and the plaintiff failing and refusing to present his case, it was dismissed for want of prosecution.

Finding no reversible error, the judgment must be affirmed and it is so ordered.

SADLER, C. J., and HUDSPETH, WATSON, and ZINN, JJ., concur.