49 P.(2d) 577

LEA COUNTY STATE BANK v. McCASKEY REGISTER CO.

No. 4060.

Supreme Court of New Mexico.

Sept. 16, 1935.

Rehearing Denied Oct. 10, 1935.

O. E. Little, of Roswell, for appellant.

Tom W. Neal, of Lovington, for appellee.

BICKLEY, Justice.

This case originated in a justice of the peace court. Appellee was plaintiff and appellant was defendant. Trial was had on July 5, 1930, which resulted in judgment for appellee against appellant. No appeal from the judgment was taken within ten days "in the ordinary way." On August 4, 1930, within thirty days from the rendition of the judgment, the defendant (appellant here) made out his petition in writing to the district court, said petition complying substantially with the requirements of section 79-515, Comp. St. 1929, which petition prayed the court: "To enter an order herein granting an appeal from the judgment in said cause, from the justice of the peace court, to this court, and that the defendant have all other and further relief to which it may be entitled."

Upon the same day, District Judge Richardson made an order reciting the presentation of petition, finding "that an appeal should be granted the defendant" and ordered "that an appeal from said judgment be and that same is hereby granted to the defendant, and the Clerk of this Court is ordered to issue a Writ of Certiorari to the Justice of Peace of Precinct No. 8, of Lovington, New Mexico, to forthwith deposit a full transcript of the papers in this cause with said clerk, said writ to issue upon the filing of a sufficient bond to the defendant in the sum of $200.00 conditioned as provided by law."

On the 6th day of September, 1930, an "appeal bond" was filed in the office of the clerk of the district court, approved as to form and sufficiency by the clerk of said court.

On the 25th day of October, 1930, there was filed in the office of said clerk what is designated as a transcript of the civil docket of the justice of the peace who tried the cause, attached to which was a certificate of the justice of the peace that the above and foregoing is a true and perfect copy of his civil docket in said cause, but no signature of the justice of the peace appears on said certificate. Accompanying said transcript of the civil docket were papers relating to the suit which included writ of garnishment, answer of defendant, and judgment rendered by the justice of the peace. On the 8th of June, 1932, there was filed in the office of the clerk what was designated as a special appearance and motion to dismiss cause, for want of jurisdiction of the district court to hear and determine the same, because there is no certified transcript of the proceedings in the justice court filed as required by law, and for other reasons. On the day following the filing of this motion, there was filed in the

clerk's office an affidavit of Grace E. Beauchamp, deputy county clerk, setting forth that O. E. Little, attorney for defendant, requested her to issue certiorari to the justice of the peace to forthwith send up the full transcript, together with the papers in said cause, and also requested her to issue a summons notifying the plaintiff that an appeal had been taken and citing him to appear at the next term of district court to answer the same, and that it was her official duty to have said papers issued, but that through oversight she failed to do so. On the same day, there was filed in the clerk's office an affidavit of L. O. Tomlinson, which stated that he was the justice of the peace when O. E. Little, attorney for defendant in said cause, requested by petition the clerk of the district court to issue certiorari to forthwith send up the transcript, together with the papers in said cause, and "that he sent all the papers, which were in his possession at that time to said district clerk." A few days later, Mr. Little, the attorney aforesaid, filed in the district court an affidavit of diligence. On the 15th day of June, 1932, Hon. George W. Hay, the judge of the sixth judicial district, sitting under order of the Chief Justice of the Supreme Court, as and for Hon. G. A. Richardson, judge of the fifth judicial district, caused to be entered an order embodying his ruling on the motion heretofore referred to, to dismiss the cause, Judge Hay found and concluded:

"That the Attorney for defendant made due and written request upon the Clerk of this court to issue the Writ of Certiorari, and Summons, as provided by law, and that the same be served upon the Justice of the Peace and the plaintiff respectively as provided by law; that it was no fault nor negligence on the part of the defendant nor its Attorney that caused the said Writ and Summons not to be issued and served as provided by law, but that the same was an oversight of the Clerk of this court; that notwithstanding the failure to issue the Writ, the said Justice of the Peace was notified of the Appeal and requested to file a Certified Transcript and that a transcript as provided by law was filed and the Certificate attached thereto, but that said Certificate of the Justice of the Peace was not signed by him; that the affidavit of said Justice of the Peace, same being legally subscribed and sworn to, shows that all available papers and the transcript of this record have been filed with the clerk of this Court; that the plaintiff, through its Attorney, had actual knowledge of the Appeal and that its rights in the matter have not been in any way prejudiced by the failure to serve Summons upon the plaintiff, and that a Summons has now been issued by the Clerk of this court in this cause, citing the plaintiff to appear in this court; that the same should be now served upon the plaintiff; that the transcript filed by the said Justice of the Peace with the Clerk

of this court, is sufficient as a transcript in this case and that the plaintiff's Motion to Dismiss this cause is not well taken and should be overruled.

"It is therefore ordered by the court that the plaintiff's Motion to Dismiss this cause be, and the same is hereby overruled, and the Summons heretofore issued in this cause may be served upon the plaintiff."

On February 2, 1933, there was filed in the office of the clerk of the district court plaintiff's second motion to dismiss for want of jurisdiction of the district court, because (a) there was no certified transcript of the proceedings in the justice court filed as required by law; (b) that the transcript which has been filed in this case was not filed in answer to a writ of certiorari; (c) that no writ of certiorari has ever been issued in this cause and none has ever been served on the justice of the peace; and (d) that no notice of appeal was served on plaintiff or its counsel before one term of court had passed.

When the last-mentioned motion came on for hearing before Hon. James B. McGhee, judge of the fifth judicial district, the court overruled the motion and proceeded with the trial de novo. When the plaintiff rested its case, the defendant moved for judgment and this precipitated further consideration by the court of the motion to dismiss, the court taking the matter under advisement and later filed his memorandum opinion reaching the conclusion that the motion to dismiss should be sustained, and subsequently entered an order reciting: "That on account of the failure of the Clerk of this court to issue a writ of certiorari, and consequent failure of the Justice of the Peace to make return thereto and file a duly authenticated transcript of the proceedings alleged to have been held by the Justice Court of Precinct No. 8, that this court has not acquired, and does not now have jurisdiction to hear and determine any matters in this cause, save and except the defendant has not caused a writ of certiorari to issue and the proper transcript to be filed."

Thus we have for determination the clear-cut question: "What is the basis of the jurisdiction of the district court. under statutes providing for a transfer of a cause (determined in the justice of the peace court) for trial de novo?"

It is generally and uniformly stated that jurisdiction attaches in the superior court to which the cause is removed when an appeal is perfected. The divergence of opinion arises over what steps are necessary to perfect the appeal. Appellee says that the appeal is not perfected until "the full transcript, together with the papers in the cause," are filed in the office of the clerk of the district court.

Appellant says the appeal is perfected when it has been granted or allowed pursu-

ant to petition therefor and the filing and approval of the appeal bond. We are in agreement with appellant's contention.

Since one district judge found the transcript sufficient on motion and the judge who tried the case and the parties seem to have regarded it sufficient in fact, we will assume that the recital in the order that the defendant had not caused "the proper transcript to be filed" means that it was irregularly filed because, as contended by movant, "the transcript which has been filed in this case was not filed in answer to a writ of certiorari," and that: "No writ of certiorari has ever been issued in this cause and none has ever been served on the justice of the peace."

Article 6, § 27, Constitution, declares: "Appeals shall be allowed in all cases from the final judgments and decisions of the probate courts and justices of the peace to the district courts, and in all such appeals trial shall be had de novo unless otherwise provided by law."

In 3 C. J., Appeal & Error, §§ 1088–1090, is a text discussing application for and allowance of appeal or writ of error. It is said in section 1090: "Under some statutes, or in certain cases, an appeal, writ of error, or a petition in error must be allowed by the lower court or judge. Under other statutes it is to be allowed by the appellate court or a judge thereof, or either by the lower court or a judge thereof or by a judge of the appellate court."

The word "appeal" when accurately used in law matters means the removal of a cause from the inferior to a superior court. See Elliott, Appellate Procedure, § 15, and see Burch et al. v. Ortiz, 31 N. M. 427, 246 P. 908, 909, where we said, "Of course, ordinarily the taking of an appeal means the application to a superior court to review some order or judgment of an inferior court," and decided that as the word "appeal" is used in chapter 40, Laws 1929 (section 34-422 et seq., Comp. St. 1929), it was used in the sense of removal of the cause from the inferior to the superior court.

In the article on Justices of the Peace, in 35 C. J. § 617, is a discussion of certiorari and writs of review and it is there said: "The common-law writ of certiorari is strictly a revisory remedy intended for the correction of errors of law apparent on the face of the record, and which go to the jurisdiction of the inferior tribunal. It is not a substitute for an appeal, and will not reach mere error or irregularity not affecting jurisdiction. In many jurisdictions writs of certiorari, recordari, and review, issued to review proceedings before justices, are now regulated by statute. But, while neither the common-law or the statutory writ of certiorari or its equivalent can as a rule take the place of an appeal or writ of error, unless the statute so provides, it nevertheless partakes of their nature, and will lie where an appeal or

writ of error does not, or where the right thereto has been denied or lost otherwise than by a party's own default."

Certiorari has two well-understood meanings. "While the writ of certiorari is generally used as an independent writ for the purpose of reviewing the action of an inferior tribunal, it is frequently used as an auxiliary or ancillary process as a means of bringing up a record from the lower tribunal in aid of a matter already before the higher court." See Standard Encyc. of Procedure, Vol. 4, page 889.

Section 13, art. 6, Constitution of New Mexico, provides: "The district court shall have * * * appellate jurisdiction of all cases originating in inferior courts and tribunals in their respective districts, and supervisory control over the same. The district courts, or any judge thereof, shall have power to issue writs of habeas corpus, mandamus, injunction, quo warranto, certiorari, prohibition, and all other writs, remedial or otherwise in the exercise of their jurisdiction."

Whether the district courts have the power under this section or an inherent power to employ the common-law writ of certiorari as it is generally understood to be employed as a writ of review is a question we need not go into, but it is clear that the district courts may issue writs of certiorari as ancillary process in aid of their jurisdiction. It is clear by sections 13 and 27, art. 6, that the district courts

have appellate jurisdiction over all cases originating in justice of the peace courts. No statute that we know of authorizes any trial of a cause removed from the justice of the peace court to the district court, otherwise than de novo, and, on the other hand, section 79-505, Comp. St. 1929, provides that, "The case upon such appeal shall be tried de novo," and section 79-516 provides, "All causes removed into the district court in pursuance of the foregoing sections shall be tried de novo, and the court shall allow all amendments which may be necessary in furtherance of justice in all cases *appealed* by petition or certiorari, *or in the ordinary mode."* (Italics ours.)

We have heretofore quoted a C. J. text which shows that it is not inappropriate in connection with appeals to provide that the appeal shall be allowed by the appellate court or a judge thereof. Chapter 23, Kentucky Acts 1914, affords an illustration of a procedure recognizing two kinds of appeals as does our justice of the peace code. The Kentucky act provides that an appeal may be taken to the court of appeals *as a matter of right* from the judgment of the circuit court in a certain class of cases and it also provides that in certain cases where the amount or thing in controversy exclusive of interest and costs is as much as $200, the Court of Appeals may "grant an appeal when it is satisfied from an examination of the record that the ends of jus-

tice require that the judgment appealed from should be reversed; or when the construction or validity of a Statute or the construction of a Section of the Constitution is necessarily and directly put in issue," etc.

A reading of our justice of the peace code indicates (section 79-501) that any person aggrieved by any judgment rendered by any justice may appeal to the district court of the county where the same was rendered and an allowance of such appeal be obtained upon his filing a bond to the adverse party in a sum sufficient to secure such judgment and costs with one or more securities to be approved by the justice. This sort of an appeal which must be taken within ten days, referred to in section 79-515 as "appealing in the ordinary way," is a matter of right. Section 79-515 provides for an appeal within thirty days from the rendition of the judgment in the justice court, but this appeal is not a matter of right. As conditions precedent to the allowance of such an appeal, by the district judge, the person aggrieved by the judgment rendered by the justice must present a petition in writing to the district judge to invoke the discretion of such district judge to allow an appeal, which petition must set forth the circumstances of the trial and the reasons why he was unable or was prevented from "appealing in the ordinary way" and that the judgment is unjust, and *setting forth the facts upon which*

*such injustice shall be charged* and make oath to the petition. Upon presentation of the petition to the district judge, such judge upon reaching the opinion that the petition conforms to the provisions of the section, the judge shall indorse on the petition his order: "That the clerk take from the petitioner, his agent, or attorney, such bond to the adverse party, with security, as the judge shall deem proper and that upon such bond being made, the clerk issue certiorari to the justice to forthwith send up the full transcript, together with the papers in the cause. The clerk shall also issue a summons, notifying the adverse party that *an appeal has been taken,* and citing him to appear at the next term of the district court to answer to the same." (Italics ours.)

In Standard Encyc. of Procedure, Vol. 4, in the Article on Certiorari at page 941, it is said: "Certiorari does not provide a trial de novo in the higher court. But a case is tried on the record alone, as sent up, and evidence and other matters, extrinsic, to the record, are not reviewable."

As indicating that section 79-515 provides for an "appeal" and does not provide for a review by certiorari, but that the certiorari to be issued by the clerk is merely ancillary process as a means of bringing up a record from the lower court, in aid of the jurisdiction of the district court, which has theretofore attached by the allowance of the appeal, we call atten-

tion to the following considerations: An appeal is of a broader scope than certiorari. Review by certiorari does not provide for a trial de novo in the higher court, whereas both the Constitution and statute relate to "appeals" from justice courts and require that the trial be de novo. Under section 79-516 the trial is to be de novo where the case is "appealed" *"in the ordinary mode"* and also in all cases *"appealed* by petition or certiorari." Section 79-515 provides that the district judge upon being of the opinion that the petition sufficiently conforms to the provision of the section, the judge shall indorse thereon his order that the clerk take from the petitioner such bond to the adverse party as the judge shall deem proper. Under such order the person petitioning for the allowance of an appeal becomes the actor and when he makes the bond required the clerk then becomes the actor and is required to issue certiorari to the justice to send up the full transcript together with the papers in the cause. The same section also recites that the clerk shall issue a summons notifying the adverse party "that an *appeal* has been taken." It will be noted that it is not said that the summons is to notify the adverse party that a writ of certiorari has been issued. When the bond has been made, the clerk issues the certiorari under the order of the court. The vital question being the time of acquisition of jurisdiction by the appellate court, it might be pertinent to inquire from

whence comes the power of the court to issue the writ of certiorari? Of course, as heretofore noted, our Constitution confers powers upon district judges to issue the writ of certiorari in aid of the jurisdiction of such courts, but we apprehend that this power must be invoked by some sort of proceedings. It seems to us that the filing of the petition for appeal, if it in the opinion of the judge "conforms to the provisions of this section," followed by the filing of appeal bond is sufficient to vest jurisdiction of the subject-matter in the district court, and that his order upon the clerk to issue certiorari is in aid of the jurisdiction which has thus attached. It would seem to be anomalous to say that a court may order certiorari to be issued and that he has no jurisdiction of the subject-matter until the writ of certiorari is issued. Manifestly, the text of 11 C. J. 163 cited by appellee to the effect that the issuance of the writ of certiorari is necessary to confer jurisdiction on the reviewing court applies to that character of a writ of certiorari which is used as an independent writ for the purpose of reviewing the action of an inferior tribunal and not as an auxiliary or ancillary process as' a means of bringing up a record from the lower tribunal in aid of the jurisdiction of the superior court.

Rixey v. Burgin, 39 N. M. 176, 42 P.(2d) 1118, presented a case where a person claiming to be aggrieved by a judgment

rendered by a justice of the peace gave notice of appeal and filed an appeal bond with the justice of the peace. We said: "This is all that is specifically required of the party desiring to appeal to take an appeal in the justice of the peace court. Sections 79-501, 79-502, Comp. St. 1929."

After the appeal bond was filed with the justice of the peace, said justice filed in the office of the clerk of the district court a bundle of papers consisting of complaint, summons, and officer's writ of service and said appeal bond. Thereafter, the appellee in the justice of the peace court filed motion to dismiss the appeal because the party who had appealed had "failed to file in the district court * * * before the first day of the next regular term after the taking of the appeal a transcript of the entries made in the docket of the justice of the peace."

Before the motion was finally disposed of, the appellee filed a motion setting up his discovery that the justice of the peace had failed to file the missing transcript and prayed an order on the justice to file such a transcript. We decided that the district court had jurisdiction to make an order requiring the justice to file the transcript since such filing was the statutory duty of the justice under Comp. St. 1929, §§ 79-501 and 79-503.

In Tipton v. Cordova, 1 N. M. 383, the Territorial Supreme Court had under consideration sections of the Revised Statutes of the Territory identical with sections 79-501, 79-502, and 79-503, Comp. St. 1929. The court, construing said statutes, decided: "An appeal bond on an appeal from a justice is the 'process,' or principal step in taking the appeal, and requires a stamp, under the United States revenue law, or the appeal will be invalid."

The court said: "The process includes the steps and forms of proceeding by which the aggrieved party carries his cause to a higher tribunal. He must file a bond as required by law, and when done his appeal is granted. He has done all the laws require of him. All further proceedings upon the judgment in the justice's court must at once cease. The party by his acts has put the cause beyond the justice's control. He must transmit a transcript of his acts in the case to the district court. This is another step, but not the chief or principal one. It is not the act of the party, it is a duty enjoined upon the justice by law. The moving for the appeal, and making of the bond, are the chief and essential steps in the proceedings or process of appeal. All the subsequent steps result as a matter of course. Somewhere and at some time the revenue stamp must be affixed. It is our opinion it should be applied upon the chief act of the party in the process or proceedings of appeal. This is the making of the bond. The bond must be made within the time prescribed by statute and duly stamped when made and perfected."

In Crabtree v. Board of County Com'rs of Socorro County, 37 N. M. 80, 18 P.(2d) 657, 658, discussing appeals from the district court to the Supreme Court, we said: "When a party makes timely application for, and is granted, an appeal by such court, he has done everything required by the statute creating the right to transfer jurisdiction of the cause to this court. And without in any manner questioning our power either inherently or under the statute (section 105-2525, Comp. St. 1929) to make rules for the government of the practice on appeals, the nonobservance of which may defeat a review in this court, such a result does not necessarily disaffirm jurisdiction of the appeal in this court. The effect may be the same, the loss of the right of review, yet the reason therefor widely different."

In that case we held nonjurisdictional the notice of intention to take an appeal.

In reading many decisions it is discernible that the prevailing view is that where a party desiring to appeal has performed all of the acts required of him by the statute creating the right to transfer jurisdiction of the cause to the superior court, the appeal has been perfected. Some of the decisions declaring that the filing of the transcript of the proceedings in the lower court is essential to vest jurisdiction in the appellate court are based upon statutes so declaring or upon statutes which make it the duty of *appellant* to lodge the transcript in the superior court and his failing to do so is a jurisdictional defect. On the other hand, where the party desiring to appeal has been allowed an appeal and is thus in a position to rely upon the justice of the peace performing a statutory duty or his obedience to the orders of the district court to send up the transcript and the papers the appeal is deemed perfected. It will be observed that when appellant has done all that the law requires of him he has put the *cause* beyond the justice's control. See section 79-502, Comp. St. 1929, and perforce under the control of the district court.

In Houston, etc., R. Co. v. Aycock (Tex. Civ.App.) 201 S. W. 664, the court observed that the transcript from the justice court is to show and not to give jurisdiction. Tevebaugh v. Smith Land Co. (Tex. Civ. App.) 146 S. W. 647, is authority for the proposition that courts have inclined to be lenient with persons appealing from the justice courts, with regard to the matter of filing of transcript because the law devolves the duty upon the justice of the peace to file such transcript.

Until the transcript is filed, the district court cannot proceed to a trial on the merits, but it has jurisdiction of the cause to compel the production of the transcript so that it may proceed.

Application for appeal, the giving of the appeal bond, and the allowance of the appeal give the district court jurisdiction of

the case and it would not lie with the justice of the peace in a ten-day appeal or the clerk of the district court by failing to perform a statutory duty or duty imposed by order of the court, respectively, to deprive the district court of its jurisdiction. Under some circumstances the party appealing might be adjudged guilty of negligence in failing to take proper steps to require the justice of the peace or the district clerk to perform their duties imposed upon them, when they had failed therein and this might furnish a sufficient reason to dismiss the case. But a dismissal under such circumstances would be for want of prosecution of the appeal with proper diligence and could not be justified on the ground that the district court was without jurisdiction to try the case. Brown on Jurisdiction, § 21a, quoted post.

█ The district court had abundant power to compel the clerk to issue the certiorari and to compel the justice of the peace to obey it and it cannot divest itself of jurisdiction by failing to exercise this power nor suffer such divestiture through the negligence of the clerk or the justice of the peace. See Hall v. El Dorado County Superior Court, 68 Cal. 24, 8 P. 509.

█ In the case at bar defendant (appellant) had done everything that the law required of him to perfect his appeal to the district court. He was not chargeable with the clerk's failure to issue the writ of certiorari. See Morgan v. Zimmer, 120 App.

Div. 672, 105 N. Y. S. 914. Corey v. Wright, 150 Misc. 555, 270 N. Y. S. 800, is authority for the proposition that the superior court could release appellant from any error or omission in further perfecting appeal when he had taken initial steps in perfecting his appeal from the justice court. In McLaughlin v. Michel, 14 S. D. 189, 193, 84 N. W. 777, 778, the court said: "The filing of the transcript, however, constitutes no part of the proceedings for taking the appeal. The appeal is taken by serving and filing a notice of appeal and filing an undertaking for costs. When these acts have been performed, except for the purpose of excepting to the sureties on appeal, the case is transferred to the appellate court, and thereafter that court has jurisdiction of the cause."

In Haessly v. Thate, 16 N. D. 403, 114 N. W. 311, 312, the court quoted with approval from a Wyoming decision (Goodrich v. Peterson, 12 Wyo. 214, 74 P. 497) as follows: "Did the fact that the justice failed to perform the duty required of him by statute to transmit his transcript and the papers within five days authorize the district court to dismiss the appeal? In reason and by the great weight of authority, it did not. The transmittal is the duty of the officer, and not of the appellant. There is no reason why he should be held responsible for its performance, and the statute does not make him responsible. The statute does not undertake to punish the appel-

lant for the failure of the officer to perform his duty, and there is no intimation in any of its provisions that the penalty of such failure shall be a dismissal of the appeal."

In Eldridge v. Knight, 11 N. D. 552, 93 N. W. 860, 862, the court said: "The jurisdiction of the district court attaches immediately upon the filing of the notice of appeal and undertaking in the clerk's office. No time can intervene between the severing of jurisdiction of the justice and the attaching of the jurisdiction of the court to which the appeal is taken."

The opinion in the foregoing case also supports our view that the jurisdiction of the district court to issue ancillary certiorari referred to in section 79-515 arises from the performance of the acts which must be performed before the order for the issuance of certiorari by the clerk becomes operative and not from the issuance of the certiorari itself.

That there is no serious difficulty in the situation of holding that the district court has jurisdiction of the cause prior to the time when the appeal shall become operative in the sense that the court can effectually proceed to a trial is illustrated by the legislative enactments in the neighboring state of Texas. Articles 1672 and 1673, Texas Rev. St. 1895, are as follows:

• "Art. 1672. (1739b) When the bond, or the affidavit in lieu thereof, provided for in the two preceding articles, has been filed, and the previous requirements of this chapter have been complied with, the appeal shall be held to be perfected."

"Art. 1673. (1640) Whenever an appeal has been granted from the justice's court to the county court it shall be the duty of the justice who made the order immediately to make out a true and correct copy of all the entries made on his docket in the cause, and certify thereto officially, and transmit the same, together with a certified copy of the bill of costs taken from his fee book, and the original papers in the cause, to the clerk of the county court of his county."

The Supreme Court of Texas in Edwards v. Morton, 92 Tex. 152, 46 S. W. 792, 794, observed: "An appeal is perfected under article 1672, Rev. St. 1895, if bond or affidavit be filed, when the parties have placed themselves, by compliance with the law, in position to demand of a justice of the peace the transmission of the original papers and a transcript from his record to the county court."

Also the Missouri Legislature at an early day handled the matter in accordance with the legislation of New Mexico as herein construed. Missouri Rev. St. 1889, § 6337 (Rev. St. 1879, § 3050) and section 6335 (Rev. St. 1879, § 3048) are as follows:

"Sec. 6335. *Court may compel return of papers by justice, when.*—Upon an appeal being made and allowed, the court may,

by rule and attachment, compel a return by the justice of his proceedings in the suit, and of the papers required to be by him returned."

"Sec. 6337. *Justice shall file transcript of docket, etc., when.*—The justice before whom such appeal is made shall, within six days after the appeal is allowed, file in the office of the court having appellate jurisdiction a transcript of all the entries made in his docket relating to the case, together with all the process and other papers relating to the suit and filed with the justice. The failure of the justice to file such transcript and papers within the time herein prescribed shall not affect the appeal, but the justice shall not be entitled to any fees in the case."

We think that the certiorari referred to in section 79-515, Comp. St. 1929, is no different in character than the rule or order provided for in the Missouri statutes quoted.

In Brown on Jurisdiction, § 21a, it is declared: "When the statute requires, after the taking or allowance of an appeal, that a transcript of the record shall be filed within a time named, such a provision permits of the dismissal of the case. But is not a jurisdictional one."

From all of the foregoing, it appears that the order and judgment of the district court must be reversed and the cause remanded with directions to proceed in accordance with the views herein expressed, and it is so ordered.

SADLER, C. J., and HUDSPETH, BRICE, and ZINN, JJ., concur.