144 P.2d 461

**REECE v. MONTANO.**

No. 4792.

Supreme Court of New Mexico.

Dec. 28, 1943.

H. B. Hamilton, of Las Vegas, for appellant.

Noble & Spiess, of Las Vegas, for appellee.

MABRY, Justice.

Suit in forcible entry and detainer was begun in a justice of the peace court of San Miguel county, judgment was rendered for plaintiff-appellee and thereafter, upon appeal being taken and the cause being docketed before the first day of the following term of district court, and upon five days notice, judgment was rendered for plaintiff-appellee in a trial without jury and over the protest of defendant-appellant. The protest was in the form of a motion to the effect that the district court was without jurisdiction to set down for trial and hear the cause so docketed by appellee before the third day of the term, and before appellant could have the opportunity to elect whether he desired a jury trial.

There are involved in the case two principal questions, viz.: (a) May the appellee in a cause tried in the justice of the

peace court himself procure the docketing of an appeal theretofore taken to the district court, before the third day of the "next term" of the district court so as to require appellant in such case to move in the matter of preparing for trial on such appeal prior to the third day of the term; (b) does appellant, in cases of this character, have the right to a jury trial in the district court upon such appeal, and, if so, has he been unlawfully deprived thereof? There is, incidentally, presented also the question whether the district court granted an appeal from its order overruling appellant's motion (as distinguished from the final judgment on the merits).

The statutes and rule of court governing the question of time for docketing and the duty, or right, to docket such appeals from the justice of the peace court, provide:

"On or before the first day of the next term of the district court for the county, the justice shall file in the office of the clerk of said court a transcript of all the entries made in his docket relating to the case, together with all the papers relating to the suit." 1941 Comp., Sec. 38-1803.

"The clerk of the district court shall docket such appeals on or before the second day of the term, and the plaintiff in the court below shall be plaintiff in the district court." 1941 Comp. Sec. 38-1804.

"In cases originating in probate courts or justice courts and brought into the District Court by appeal or certiorari, if the appellant or plaintiff in error shall not procure the cause to be docketed on or before the third day of the term at which the return shall be made, the appellee or defendant in error may, on motion, have the cause docketed and the appeal or certiorari dismissed, or, at his election, he may have the judgment below affirmed, and judgment rendered for the same, with costs, against the appellant or plaintiff in error and his sureties." Rule IV of the Rules of Practice for the district courts (14 N.M. 711).

█ It is the contention of appellant that appellee had no right to docket the appeal until after the second day of the next term of court, that of May, 1943; that if appellee steps in and so dockets the cause he does so at his peril; that he cannot, by so docketing, advance the cause for trial or deprive appellant of his right to elect to have a jury trial in the district court. It is conceded that there was no jury in attendance, it being shortly prior to the opening of the May term of the district court at which these proceedings were had, and that appellant was given no opportunity to elect whether he would have a jury trial when one would be available, assuming he asked for such opportunity. In this connection it must be borne in mind that all appellee did, or could have done, in connection with docketing of the case was to pay the docketing fees and ask the clerk to so docket. It is not enough to say, as appellee does, that only the clerk may docket such appeals. We cannot escape the fact that the appellant must see that this is done and must pay the fee therefor. The

clerk could not be required to docket without the payment of the statutory fee. 1941 Comp., Sec. 16-346.

We have held that an appeal from the justice of the peace is perfected "when it [is] granted or allowed pursuant to petition therefor and the filing * * * of the appeal bond". Lea County State Bank v. McCaskey Register Co., 39 N.M. 454, 49 P. 2d 577, 579. The clerk's duty being to docket the appeal "on or before the second day" of the next term of the district court, he may, of course, docket it at any time after the transcript is received and the docket fees paid him, prior to the first day of the term. But, the fact that the district court, after appeal granted, would have jurisdiction of the cause, would not be to say that the cause is at issue and ready to be tried prior to the first day of the next term. That becomes the material issue here to be decided.

Appellee contends that appellant cannot, under the circumstances, rely upon this so-called premature docketing of the appeal unless it deprived him of the right to jury trial, hereinafter to be discussed.

The following constitutional provision, statute and rules of court are relied upon by appellant in support of his position that he had a right to a trial by jury if he should, within the appropriate time, so elect:

"The right of trial by jury as it has heretofore existed shall be secured to all and remain inviolate. In all cases triable in courts inferior to the district court the jury may consist of six. The legislature may provide that verdicts in civil cases may be rendered by less than a unanimous vote of the jury." Art. II, Sec. 12, N.M. Constitution.

"The right of trial by jury, as declared by section 12 of Article II of the Constitution of the State of New Mexico, shall be preserved to the parties inviolate." Rule 38 of the Rules of Civil Procedure.

"An issue of law must be tried by the court, unless it be referred as provided in sections 4231 and 4232. An issue of fact in an action for the recovery of money only, or specific real or personal property, where the right of trial by jury existed at common law, must be tried by a jury, unless a jury trial be waived or a reference be ordered. But this shall not be construed to limit the power of the court to administer all remedies and grant equitable relief which it could heretofore do under its general chancery jurisdiction." 1941 Comp., Sec. 19-804.

"In all cases before justices of the peace, wherein the justice has original jurisdiction, the defendant shall not be deprived of the right of a trial by jury." 1941 Comp., Sec. 38-516.

We know that all cases are, at the election of defendant, triable by jury in the justice of the peace court (1941 Comp., Sec. 38-516) and that causes appealed to the district court are tried de novo therein (1941 Comp., Sec. 38-1806). Appellee contends

that no right to jury trial in the district court exists and therefore, it becomes immaterial whether the justice of the peace appeal was docketed prematurely. Obviously, a district court would not have the machinery to afford a jury of six as is applicable to justices of the peace, and, likewise, other rules of procedure employed in a district court jury trial vary so from those applicable in the court of the justice of the peace that it cannot be said that a trial de novo contemplates a jury trial, absent other considerations which would require it.

While it is true that the statute provides "that the case upon such appeal shall be tried de novo and the same rules shall govern the district court in said trial that are prescribed for the government of justices of the peace", this does not mean that district courts are bound by the rules and procedure of the justice courts. Pointer v. Lewis, 25 N.M. 260, 181 P. 428. The fact that the right to trial by jury exists as to all cases before the justice of the peace, does not mean the same right exists upon appeal to the district court.

■ If the right to trial by jury exists in forcible entry and detainer, says appellee, it must be founded upon one of the following three principles: (1) That the right existed by authority of statute prior to the adoption of the constitution of 1910; (2) that the right existed at common law and was therefore preserved to litigants by virtue of Article II, Sec. 12, of the constitution, supra, and emphasized by legislative enactment found in 1941 Comp.,

Sec. 19-804; (3) that the right has been secured by statute since adoption of our constitution. None of these conditions are to be found, says appellee, and the right therefore does not exist.

We find no statutory authority for the right claimed. The action of forcible entry and detainer is a special statutory proceeding of a summary character, and, absent statutory authority, the right would not exist.

"The right to trial by jury, unless extended by statute, applies only to actions according to the course of the common law and not to special proceedings of a summary character." 35 C.J., page 178.

"Special summary proceedings unknown to the common law are not contemplated by the constitutional guarantee under consideration, and are therefore not triable by jury, unless the right is given by statute." 16 R.C.L. 216, Sec. 33. See People v. Kipley, 171 Ill. 44, 49 N.E. 229, 41 L.R.A. 775.

35 C.J., page 186, contains the following statement: "Statutes providing summary proceedings without a jury to recover possession of land, as in the case of tenants holding over or failing to pay rent, are not unconstitutional, such proceedings having generally been without a jury prior to the adoption of the constitutions; but in some jurisdictions juries are in such cases specially provided for by statute."

In the case of Frazee v. Bratton, 26 S.C. 348, 2 S.E. 125, 127, involving the forcible entry and detainer law of South Carolina,

the court said: "The question here, then, is, did a right of trial by jury exist before the adoption of the constitution of 1868, in a contest between a landlord and his acknowledged tenant, the landlord claiming ejectment for the nonpayment of rent. The great right of trial by jury has existed from time immemorial in all those forms of action at common law which were in use before the adoption of the Code, such as assumpsit, debt, covenant, trover, trespass vi et armis, to try titles, and case, etc., and no doubt such right exists in the actions provided by the Code as a substitute for these common-law actions; also in criminal cases; and, if the proceeding below belonged to either of the classes mentioned, then there would be ground for the claim, that a jury trial was guarantied. But this proceeding was not intended to redress any one of the wrongs to which the common-law actions above were applicable. The injury complained of by the landlord does not sound in damages either for breach of contract, or for trespass to property, real or personal; nor is title to property involved. On the contrary, it is a case where the title is admitted, and the only cause of action is the failure to yield possession by the tenant, * * *."

The phrase found in many Constitutions, "the right of trial by jury shall remain inviolate", quite universally is held to have reference to the right of jury trial as it existed in the Territory at the time when the Constitution was adopted. See Young v. Vail, 29 N.M. 324, 222 P. 912, 34 A.L.R. 980; Guiterrez v. Gober, 43 N.M. 146, 87 P.2d 437; State v. Doherty, 16 Wash. 382, 47 P. 958, 58 Am.St.Rep. 39; Callan v. Wilson, 127 U.S. 540, 8 S.Ct. 1301, 32 L. Ed. 223; State ex rel. Jackson v. Kennie, 24 Mont. 45, 60 P. 589; Kuhl et al. v. Pierce County, 44 Neb. 584, 62 N.W. 1066.

When we inquire whether this was a common law action we find it was not. It is of purely statutory origin. Many statutes provide for jury trial and in such cases they must be so tried (26 C.J., page 864; 36 C.J.S., Forcible Entry and Detainer, § 63); but, obviously, absent such authority and since the action does not come within the definition of common law remedies, a jury trial is not guaranteed.

Also we find no statute enacted subsequent to the adoption of our constitution which provides for such jury trial. Therefore, since we have no statute so authorizing, enacted either before or after the adoption of our constitution, and, since it is not a common law remedy, we hold that the right to trial by jury does not exist as to this form of action except as there is, of course, upon election of the defendant, specific authority for jury trial in the justice of the peace court of *all* cases in which a justice has original jurisdiction. 1941 Comp., Sec. 38-516.

However, regardless of the fact that the right to trial by jury may not be relied upon by appellant, nevertheless there are other considerations which persuade us that the trial court was in error in forc-

ing appellant to trial prior to the first day of the next, or May, term of court. We have held that, although the district court clerk places upon the docket an appeal from the justice court, if there be only "a bundle of papers" sent up by the justice without an "official certificate of * * * docket entries", there was nothing for the clerk to docket. Oskins v. Miller, 33 N.M. 658, 275 P. 97.

Although the justice of the peace loses jurisdiction when the appeal is granted and the bond approved, and the district court necessarily acquires immediate jurisdiction, and may require, for example, the justice of the peace to send up the proper and complete transcript and papers relating to the suit in due course and before the next term of court (Rixey v. Burgin, 39 N.M. 176, 42 P.2d 1118; Lea County State Bank v. McCaskey Register Co., 39 N.M. 454, 49 P.2d 577), it cannot be said the cause is yet at issue, and ready, over objections, to be tried at any time the cause is properly docketed, if prior to the next term, as we hereinafter show.

It is to be noticed that witnesses "required by any of the contending parties" may at the time appeal is granted, be summoned by the justice of the peace to appear before the court to which the appeal is taken; (1941 Comp., Sec. 38-1810) and that likewise it is made the duty of the witnesses so summoned to appear as though "the summons had been issued by the clerk of the court to which the appeal is taken". Comp. 1941, Sec. 38-1811. And, it is to be further noticed that in case of the employment of certiorari instead of appeal the clerk of the district court "shall also issue a summons, notifying the adverse party that an appeal has been taken, and citing him to appear at the next term of the district court to answer to the same." 1941 Comp., Sec. 38-1813.

It is thus clear that it is not contemplated that either the parties defendant, or the witnesses, will be required to present themselves for trial prior to the first day of the next term of court. Certainly it could not be disputed that a party appellee brought in under certiorari, as provided in 1941 Comp., Sec. 38-1813, supra, could rely upon the time fixed in summons of the clerk of the district court, and so would not be required, for example, to respond to some subsequent notice served upon him by appellant for trial of the cause at any date prior to the opening of the next term of district court, in conformity with the command of the clerk's summons.

The same rule would, necessarily, be applied in case of the conventional appeal, since witnesses for the parties summoned by the justice of the peace, could rely upon the direction "to appear before the court to which the appeal is taken". And, it will be presumed that such "appearance" has reference to the *next term* of the district court, since there is no requirement that the transcript of the justice be in the hands of the clerk before the first day of the next term so as to make available a trial before such time.

Appellee would doubtless not contend that the justice could be compelled, by certiorari or otherwise, to send up for docketing the transcript and papers on appeal prior to the first day of the next term of district court; and it must likewise be conceded that the "adverse" party summoned by the clerk of the district court to appear "at the next term" of the district court under the provision of Sec. 38-1813, supra, would be entitled to ignore any effort on the part of appellant to force him to trial before the next term and before the justice of the peace is, under the statute, or could be, required to get the transcript into the clerk's hands. The clerk of the district court is not required, if indeed he is authorized, to accept for docketing such appeals unless the fee be paid. 1941 Comp., Sec. 16-346. And the appellant has until the end of the second day of the first term of court to pay this fee and have the case docketed.

It, therefore, appears that appellee acted without authority in so procuring the docketing of the appeal and in forcing appellant to trial short of the time contemplated by the statute within which appellant might himself have docketed, thus permitting the trial to come on in due course during, or after, such term.

Appellee contends that if it can be said that appellant is not entitled to a jury trial upon appeal in this character of case, no right has been denied him in any event since he was given ample notice of trial, although such trial was had before the next term of district court, and that appellant's objection should be appraised as going only to a denial to him of his right to jury trial. We do not so appraise the objection urged by appellant below or here. His contention was, and is, that party litigants are entitled to rest in the security of non-action until they be called upon by statute, or appropriate rule of court, to move. That would be to say that the policy of the law is not to inflict default upon a litigant for non-action short of the statutory time allowed for him to move. We agree with appellant's contention. To hold otherwise would be much like saying that, although a party plaintiff is given 30 days to reply to an answer in the district court that, since, upon complaint and answer being in, jurisdiction of the subject matter and the parties is acquired by the court and the party plaintiff could then, at defendant's election, be forced to reply and submit to trial in a period shorter than the 30 days so allowed. The cause was not ready for trial and appellant's objections thereto are well founded.

For the reasons stated the judgment is reversed with direction to set aside the judgment appealed from, to reinstate the cause upon the docket of the district court, grant a new trial and proceed thereafter in a manner not inconsistent with this opinion, and, it is so ordered.

SADLER, C. J., and BRICE and THREET, JJ., concur.

BICKLEY, J., did not participate.