489 P.2d 883

Elizabeth STRIPLING, Plaintiff-Appellant,

v.

PMC REALTORS, INC., Defendant-Appellee.

No. 9283.

Supreme Court of New Mexico.

Oct. 18, 1971.

David L. Norvell, Atty. Gen., Frank N. Chavez, Asst. Atty. Gen., Santa Fe, for plaintiff-appellant.

Martin & Martin, Las Cruces, for defendant-appellee.

OPINION

McMANUS, Justice.

This action was brought in Magistrate Court, Dona Ana County Division II, State of New Mexico. Plaintiff sued for $500 and judgment was awarded in the amount of $90, plus costs of $14. Plaintiff appealed the judgment to the District Court of Dona Ana County, New Mexico. The notice of appeal was timely filed on July 21, 1970, pursuant to § 36–15–2, N.M.S.A. (1969 Pocket Supp.).

In October of 1970, defendant filed a motion to dismiss the appeal on the basis that a transcript of the proceedings in the magistrate court had not been filed by the magistrate pursuant to § 36–15–2(C), N.M.S.A. (1969 Pocket Supp.). The motion was granted and the order so issued. It is

from this motion and order that the plaintiff has appealed.

Our State has several cases dealing with the failure to file the transcript in a lower court proceeding when so dictated by statute. The earliest of these is Oskins v. Miller, 33 N.M. 658, 275 P. 97 (1929). In that case the justice of the peace failed to file a transcript of the entries in the docket on or before the first day of the term of the district court as required by statute. We affirmed the dismissal of the appeal but indicated that had the appellant made application to the district court to correct the defect, then the appeal would have been granted.

In a later case, Rixey et al. v. Burgin, 39 N.M. 176, 42 P.2d 1118 (1935), proper notice of appeal was given to the district court pursuant to the applicable statute. The justice of the peace failed to file the proper transcript before the first day of the regular term. The appellee filed a motion to dismiss but, before the motion was disposed of, the appellant filed a motion praying for an order of the district court to the justice of the peace ordering the justice to file the transcript. The Court, in extending the language in Oskins v. Miller, supra, stated:

"[In Oskins] is an intimation that an application to the district court to correct the omission of the justice of the peace by supplying the transcript would have defeated the dismissal of the appeal for failure to have such transcript filed. This would seem to be sound, even assuming that it is the duty of the party interested to see to it that the justice timely performed his statutory duty. Certainly, it would be too harsh to say that a party claiming a meritorious appeal may be deprived of the fruits thereof through the failure of an officer to perform his duty imposed upon him by statute, such party not being clearly at fault."

The third case of importance in this area is Lea County State Bank v. McCaskey Register Co., 39 N.M. 454, 49 P.2d 577 (1935). In a lengthy opinion, Justice Bickley, who also authored the shorter Rixey opinion, indicated that the appeal is properly taken at the time that the appellant files notice of appeal and posts the appeal bond. At that point the district court takes jurisdiction. The Court stated in 39 N.M. at 464, 49 P.2d at 582, 583:

"* * * [W]here the party desiring to appeal has been allowed an appeal and is thus in a position to rely upon the justice of the peace performing a statutory duty or his obedience to the orders of the district court to send up the transcript and the papers the appeal is deemed perfected. It will be observed that when appellant has done all that the law requires of him he has put the cause beyond the justice's control. * * * [A]nd perforce under the control of the district court."

The Court continued, in 39 N.M. at 465, 49 P.2d at 583:

"Under some circumstances the party appealing might be adjudged guilty of negligence in failing to take proper steps to require the justice of the peace or the district clerk to perform their duties imposed upon them, when they had failed therein and this might furnish a sufficient reason to dismiss the case. But a dismissal under such circumstances would be for want of prosecution of the appeal with proper diligence and could not be justified on the ground that the district court was without jurisdiction to try the case."

The above cases were based on statutes dealing with the proper procedure for appeal from a justice of the peace decision to the district court. The record in the present case stipulates that the current statute is similar in general meaning to the prior statutes referred to in the foregoing cases.

The current statute, § 36–15–2(A), (B), N.M.S.A. (1971 Pocket Supp.) requires:

"A. An appeal from the magistrate court is taken by filing with the clerk of the district court a notice of appeal.

"B. The clerk of the district court shall docket the appeal upon payment of the docket fee, and shall transmit a copy of the notice of appeal to the magistrate court from which the action is appealed and to the opposite party in the action, or to his attorney. * * *"

Once the appealing party has done what is required in these two sections, the magistrate shall file the transcript from the lower court. Section 36–15–2(C), N.M.S.A. (1971 Pocket Supp.) states:

"Within ten [10] days after receipt of the notice of appeal from the clerk of the district court under subsection B, the magistrate shall file with the clerk of the district court a transcript of all proceedings taken in the action in the magistrate court. At any time after the transcript has been filed, the action may be called for trial in the district court by either party by giving notice to the other party as provided by the Rules of Civil Procedure for the district courts."

In the present case, plaintiff Stripling filed a timely notice of appeal which was duly transmitted to the district court. It then took several months for the magistrate to send a semblance of the transcript to the district court. Further, the papers were not sent until the day the defendant, PMC Realtors, filed its motion to dismiss.

While there are similarities in this case and the Rixey and Lea County State Bank cases, supra, the plaintiff's failure to look into or take any overt action to see that the transcript was properly filed during the passage of several months certainly can be construed as a failure to diligently prosecute the appeal.

In Callahan v. Stover, 263 S.W.2d 630, 638 (Tex.Civ.App.1953) the court said:

"While it may be primarily the duty of the county clerk to prepare and transmit the proper papers to the district clerk, and of the latter to file them and to docket the cause in the district court, the appellant is not without responsibility in the matter."

In Callahan v. Stover, supra, at 638, the court referred to the case of Wells v. Driskell, 105 Tex. 77, 145 S.W. 333 (1919), and, speaking of the appellant's duty regarding the transcript in an appeal from a justice court to the county court, quoted from the Driskell case as follows:

"He should use diligence to procure such transcript and have it filed at such time, as required by law."

In this cause the record does not reflect a sufficient excuse for the failure of appellant to pursue the matter in the period of time involved.

The decision of the trial court is hereby affirmed.

It is so ordered.

COMPTON, C. J., and MONTOYA, J., concur.