527 P.2d 496

STATE of New Mexico, Plaintiff-Appellee,

v.

Charles Eugene McKEE, Defendant-Appellant.

No. 1360.

Court of Appeals of New Mexico.

Sept. 11, 1974.

Certiorari Denied Oct. 11, 1974.

**734**

Chester H. Walter, Jr., Chief Public Defender, Bruce Herr, Appellate Defender, Public Defender Department, Patricia A. Madrid, Asst. Appellate Defender, Santa Fe, for defendant-appellant.

David L. Norvell, Atty. Gen., Willard W. Royer, Jr., Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WOOD, Chief Judge.

Defendant was convicted of larceny under $100.00 in the magistrate court. Section 40A–16–1, N.M.S.A.1953 (2d Repl.Vol. 6). He appealed to the district court. Section 36–15–1, N.M.S.A.1953 (2d Repl. Vol. 6). After trial de novo, the district court found defendant guilty. His appeal from the district court judgment raises two issues: (1) jurisdiction, and (2) sufficiency of the evidence. We affirm.

*Jurisdiction*

No papers from the magistrate court are included in the transcript filed in this Court. We assume that the district court never received a transcript of the magistrate court proceedings. Section 36–15–2(C), N.M.S.A.1953 (2d Repl.Vol. 6). Defendant asserts that, without the magistrate court transcript, there is no showing in the record of the district court's jurisdiction; specifically, that "it was error for the court to proceed to trial without any further showing that the district court had jurisdiction of the cause."

The district court has appellate jurisdiction of all cases originating in inferior courts. N.M. Const. Art. 6, §§ 13 & 27. An appeal is taken by filing a notice of appeal in the district court. Section 36–15–2(A), N.M.S.A.1953 (2d Repl.Vol. 6); Lea County State Bank v. McCaskey Register Co., 39 N.M. 454, 49 P.2d 577 (1935). The notice of appeal is not challenged. It states that the appeal is from the judgment and sentence of the magistrate court. Thus, the district court acquired jurisdiction of the cause if the magistrate court had jurisdiction of the case originally. Geren v. Lawson, 25 N.M. 415, 184 P. 216 (1919); Pointer v. Lewis, 25 N.M. 260, 181 P. 428 (1919).

The "ORDER APPOINTING ATTORNEY AND GRANTING FREE PROCESS" of the district court states:

"... [I]t having been made to appear to the Court that Defendant was charged with and found guilty of the offense of larceny under $100.00 contrary to Section 40(a)–16–1, N.M.S.A., 1953, Comp. as amended; that Judgment was rendered in the cause in the Magistrate Court . . . ; that Defendant is appealing this Judgment; . . . ."

Magistrate courts have jurisdiction "in all cases of misdemeanors." Section 36–3–4(A), N.M.S.A.1953 (2d Repl.Vol. 6, Supp.1973). Larceny under $100.00 is a petty misdemeanor. Section 40A–16–1, supra. The "Order" shows the jurisdiction of the magistrate court.

The notice of appeal and the "Order" are sufficient to show the jurisdiction of the district court.

 Defendant also asserts that the district court had no authority to proceed in the absence of the magistrate court transcript. See Lea County State Bank v. McCaskey Register Co., supra. We do not consider whether defendant's appeal could have been dismissed because no transcript of the magistrate court proceedings had been filed, nor do we consider who had the duty to see that the transcript was filed in the district court. See Stripling v. PMC Realtors, Inc., 83 N.M. 170, 489 P.2d 883 (1971). At trial, defendant did not object to proceeding without the transcript. Any error in proceeding without the transcript was waived. Kleiner et al. v. O'Kelley, 22 N.M. 624, 167 P. 1 (1917).

*Sufficiency of the Evidence*

 The defendant challenges the sufficiency of the evidence to support the conviction. The attendant at the gas station (the scene of the crime) testified that he left the cash register open while helping defendant's wife get some candy. He heard the lever which held the paper money in place "bang." He turned and saw defendant sticking his hand into his pocket. The attendant testified that two tens were missing from the register.

A police officer who had the service station under observation testified that he was hiding about 100 to 150 feet from the station. He was using a telescope to view the interior of the station. The officer testified that he saw the attendant turn to another cabinet and saw defendant reach over and pull some money out of the register. The officer stated that he could see that it was money and that defendant stuck it in his pocket.

This is substantial evidence (both direct and circumstantial) to support the conviction.

Defendant has made several factual assertions tending to challenge the credibility of the State's witnesses. Credibility is for the fact finder. State v. Lard, 86 N.M. 71, 519 P.2d 307 (Ct.App.1974).

The judgment and sentence for larceny under $100.00 is affirmed.

It is so ordered.

HENDLEY and HERNANDEZ, JJ., concur.